James D. MILNE, Petitioner,

v.

STATE OF Alaska, Respondent.

No. 3723.

Supreme Court of Alaska.

July 11, 1980.

Charles K. Cranston, Gallagher, Cranston & Snow, Anchorage, for petitioner and cross-respondent.

Patrick J. Gullufsen, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, Avrum M. Gross, Atty. Gen., Juneau, for respondent and cross-petitioner.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

PER CURIAM.

In our opinion in *Milne v. State*, 607 P.2d 360 (Alaska 1980), we elected not to decide the issue raised by petitioner's argument that search warrants 76-8 and 76-9; taken together, authorized a constitutionally impermissible exploratory search. We stated: "This contention is not supported by a sufficiently detailed argument to allow us to intelligently rule upon it. Thus, we do not decide the issue at this time." *Id.* at note 4.

Petitioner now moves for reconsideration of our decision, based partly upon counsel's assertion that he was told by a deputy clerk of this court, immediately after being notified that his petition for review had been granted, that he would be advised when to file a brief on the merits of the issues raised by his petition. Thus, according to petitioner, he was deprived of the opportunity to adequately brief those issues.

Despite the fact that counsel may have been misled by the actions of our deputy clerk, we are still not persuaded to decide the issue of whether search warrants 76-8 and 76-9 authorized an exploratory search. Petitioner is not entitled, as a matter of right, to review of that issue, since his case came before this court on petition for review, pursuant to Appellate Rules 23 and 24, rather than as an appeal after entry of a final judgment. Like our initial decision whether to grant or deny the petition itself, the decision whether to review any particular issues raised thereby remains subject to the exercise of this court's discretion. Exercising that discretion, we believe it preferable to deny review of the complicated factual and legal issues presented by petitioner's argument that the search warrants authorized a constitutionally impermissible exploratory search.

Having concluded that petitioner's remaining arguments are without merit, the petition for rehearing is denied.