On respondent's motion for reconsideration filed February 12, reconsideration allowed, previous opinion (83 Or App 298, 731 P2d 449) clarified and, as clarified adhered to April 22, 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# TAMARA VOSIKA,
*Appellant.*

(C 84-02-30610; CA A36528)

735 P2d 1273

Virginia Linder, Assistant Solicitor General, Salem, for the motion.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state moves for reconsideration of our decision in *State v. Vosika,* 83 Or App 298, 731 P2d 449 (1987). It contends that we should not have reversed defendant's conviction but, rather, that we should have remanded the case for reconsideration because, if the trial court determines that the child is incompetent to testify, there is no need for a new trial. We disagree and allow reconsideration to clarify our earlier decision.

In our opinion, we stated:

"Defendant next contends that the trial court erred in admitting the hearsay testimony of the foster mother, [Doctor] Sabin and [Detective] Baker. She argues that their testimony identifying her as the abuser does not fit within any exception to the hearsay rule and, therefore, that it is inadmissible. In [*State v.*] Campbell, [299 Or 633, 640, 705 P2d 694 (1985)], the Supreme Court held that OEC 803(18a) permits the admission of hearsay statements of the victim of a sexual assault which show the nature of the complaint, even if those statements include some of the particulars of the offense. 299 Or at 646. Thus, the testimony of the foster mother, Sabin and Baker that the child made a complaint that she had been abused was admissible.

"The remaining question is whether the evidence that the child had identified her mother as her abuser was admissible. The state concedes that the trial court erred in admitting the evidence under OEC 803(24). *See State v. Campbell, supra,* 299 Or at 640. However, it argues that Sabin's identification testimony was admissible under OEC 803(4), as a statement made for the purpose of medical diagnosis or treatment." 83 Or App at 302.

We agreed with the state that Sabin's identification testimony was admissible under OEC 803(4). 83 Or App at 310. However, the *identification* testimony of the foster mother and Baker was not admissible. *State v. Campbell, supra,* 299 Or at 640. Admission of that testimony was error requiring a new trial.

Reconsideration allowed; previous opinion clarified and, as clarified, adhered to.