Argued and submitted April 17, affirmed June 14, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# BRADLEY DEAN ROBERTS,
*Appellant.*

## (88CR-995; CA A49541)

775 P2d 342

Kent W. Day, North Bend, argued the cause and filed the brief for appellant.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant was convicted by a jury of assault in the second degree, ORS 163.175, after the trial court admitted the victim's hearsay identification of defendant through medical records and testimony. Defendant assigns error to that ruling. We affirm.

On May 25, 1988, at about 4:00 a.m., the victim, defendant's girlfriend, went to the emergency room at the Bay Area Hospital in Coos Bay. She had been very severely beaten, sustaining massive bruises over her entire body. The majority of the bruises were about two to three inches wide. In one place on her back there was a "very clear" buckle mark, indicating that the beating had been inflicted with a belt.

Dr. Hoewing, the emergency room physician who treated the victim that morning, testified at trial that such injuries gave him special cause for concern, because they were consistent with the patient's involvement in an abusive relationship. Hoewing testified that such patients are often, because of psychological dependencies, unable to leave the abusive relationship and unwilling to report the abuse. In such cases, Hoewing attempts to discover the history of the patient's relationship with the assailant so that, in a proper case, he may advise the patient to leave the relationship and to seek psychological counseling. Hoewing includes such advice as part of his treatment regimen for such cases, because people who remain in such relationships "frequently [come] to very serious physical harm."

The victim was initially unwilling to discuss her injuries or to say what had happened to her, wishing merely to be examined, treated and allowed to leave the hospital. Because of the serious nature of her injuries, however, Hoewing talked with her for some time. After the doctor explained to her that he needed to know her prior history in order to provide her with the best possible treatment, she identified defendant as her assailant.[1] It was only after further discussions with the doctor that she permitted the police to be called. Hoewing advised the victim to remove herself from the abusive environment and referred her to a crisis center for counseling.

---

[1] Hoewing's testimony that the victim identified defendant as her assailant was admitted over defendant's objection.

After Hoewing gave his testimony, the victim was called to the witness stand and testified that the story that she told the doctor was a lie and that she had actually been beaten by another boyfriend, whom she could not contact and, indeed, whose existence she could not confirm. The jury apparently did not believe her testimony and convicted defendant in spite of it.

**1, 2.** Defendant contends that the doctor's testimony about the victim's identification of defendant as her assailant was hearsay, OEC 802, and should not have been admitted. However, some hearsay is admissible in spite of the general rule against it. OEC 803(4) provides for admission of

> "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause of [*sic*] external source thereof in so far as reasonably pertinent to diagnosis or treatment."

We have adopted the interpretation of that hearsay exception originally enunciated in *United States v. Iron Shell,* 633 F2d 77, 84 (8th Cir 1980), *cert den* 450 US 1001 (1981). Medical hearsay is admissible if, first, the declarant's motive in making the statement is to promote treatment or diagnosis, and second, the content of the statement is such as a physician would reasonably rely upon in treatment or diagnosis. *State v. Vosika,* 83 Or App 298, 731 P2d 449, *on reconsideration* 85 Or App 148, 735 P2d 1273 (1987).

Defendant argues that the state laid an insufficient foundation for admission of the disputed testimony under the *Iron Shell* test, because it did not establish that the victim's motive in making the statements was to promote her diagnosis or treatment. We presume that the trial court found to the contrary. *Harpole v. Paeschke Farms, Inc.,* 267 Or 592, 598, 518 P2d 1023 (1974). Because that presumed finding is supported by the evidence, we reject defendant's contention.

Affirmed.