Argued and submitted December 10, 1990, affirmed April 24, reconsideration denied June 26, petition for review denied July 23, 1991 (311 Or 644)

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL JAMES VERLEY,
*Appellant.*

(8901-30034; CA A63179)

809 P2d 723

Charles P. Denkers, Portland, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his conviction on two counts of rape in the first degree and two counts of sodomy in the first degree. ORS 163.375; ORS 163.405. The issue is whether the trial court erred in admitting in evidence a videotape of the victim being interviewed by an employee of Child Abuse Response and Evaluation Service (CARES). Reviewing for errors of law, ORS 138.220, we affirm.

Defendant's six-year-old daughter reported her father's actions to a counselor, who reported them to the Children's Services Division and the police. The child was taken to the CARES program at Emanuel Hospital and given a physical examination by Dr. Sewell. During the examination, the child described three incidents of rape by defendant. Immediately thereafter, she was interviewed by Butler, a social worker; the interview was videotaped through a one-way mirror and was later used by Butler to write a report. During the interview, the child gave additional details and also described the ways in which her father had sodomized her. Neither defendant nor the state called Butler as a witness at trial, but the videotape was admitted over defendant's objection.

■ Defendant does not dispute that the physical exam and interview were for the purpose of diagnosing the child's condition and prescribing a course of treatment.[1] He concedes that Butler would have been permitted to testify about the child's statements under OEC 803(4).[2] *State v. Vosika,* 83 Or App 298, 310, 731 P2d 449, *on reconsideration* 85 Or App 148, 735 P2d 1273 (1987). Nonetheless, he contends that admission of the *videotape* was not authorized by OEC 803(4), because exceptions to the hearsay rule apply to "statements," not "videotapes of statements." A similar argument was recently considered and rejected in *State v. Logan,* 105 Or App 556, 561-62, 806 P2d 137 (1991). The admissibility of the videotape depends on the admissibility of the statements contained in it.

---

[1] Sewell testified that "child sexual abuse" is an accepted medical diagnosis.

[2] OEC 803(4) is the hearsay exception for

"[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause of [sic] external source thereof insofar as reasonably pertinent to diagnosis or treatment."

We hold that the child's statements were properly admitted under OEC 803(4).

■       Defendant also contends that his right to confrontation[3] was violated, because he was not present when the videotape was made and, therefore, "had no opportunity to cross-examine the victim in the less confrontive confines of the CARES interview room." That argument is without merit. Defendant had no constitutional right to be present during the diagnostic process. He was not entitled to cross-examine the child as she made statements to the health care providers. Both Sewell and the child testified at trial and were available for cross-examination. Defendant did not call Butler as a witness. There was no violation of his confrontation right. Defendant's argument that the videotape was cumulative is without merit, and his argument under OEC 403 was not preserved below.

Affirmed.

---

[3] Article I, section 11, of the Oregon Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face * * *."