Argued and submitted March 11, affirmed December 11, 1991, reconsideration denied February 5, petition for review pending 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## GILBERTO PEREZ ALVAREZ,
*Appellant.*

(90-C2-0294; CA A65938)

822 P2d 1207

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DEITS, J.

## DEITS, J.

Defendant seeks reversal of his conviction for rape in the first degree, ORS 163.375, and sexual abuse in the first degree. ORS 163.425. He assigns error to the admission of hearsay statements made to the child's treating physician and denial of his motions for judgment of acquittal and for a new trial. We affirm.

The victim is a 5-year-old girl. At the time that the rape allegedly occurred, she lived with her mother and two siblings. Other persons, including defendant, had also lived with them for varying lengths of time. On January 3, 1990, a representative of Children's Services Division (CSD) visited the home. She found that the child was malnourished and underweight, had head lice and was afraid of men. She was placed in a foster home. There, she would hide behind her foster mother when men were in the room. A few weeks after placement, the foster mother observed her make sexually suggestive motions with her pelvis. After a conversation with the child, the foster mother became suspicious that she had been sexually abused and notified the police. On February 14, 1990, a police officer interviewed the child at the police station. The officer spoke in Spanish, the child's principal language. Using anatomical sketches, she showed how she had been touched in her genital area by a penis and that it had been "put inside." When asked who had done that, she said that it was her "dad" and that he was "Gilberto Perez." The trial court found that the child was not competent to testify at trial. However, it admitted the statements that she made to the police officer under OEC 803(18a)(b),[1] which permits the admission of such evidence "only if there is corroborative evidence of the act of sexual conduct and of the defendant's

---

[1] OEC 803(18a)(b) provides, in part:

"A statement made by a child victim who is under 10 years of age, which statement describes an act of sexual conduct performed with or on the child by another, is not excluded by ORS 40.455 if the statement is offered as evidence in a criminal trial or juvenile court proceeding and if the child either testifies at the proceeding and is subject to cross-examination or is unavailable as a witness and if the proponent of admissibility establishes to the satisfaction of the court outside the presence of the jury, if any, that the time, content and circumstances of the statement provide substantial indicia of reliability. However, when the child is unavailable as a witness, the statement may be admitted in evidence only if there is corroborative evidence of the act of sexual conduct and of the defendant's participation in the conduct."

participation in the conduct." The trial court concluded that the statements were corroborated by the testimony of Goetz, a pediatrician who examined the child.

In Goetz's testimony, he described his examination of the child. He said that he had obtained part of the medical history from her and part from her foster mother and that sometimes the foster mother had translated for the child.[2] The examination revealed tears in the child's hymen and past scarring of the hymenal tissue caused by "a penetrating sort of injury or wound." Goetz stated:

"One of the questions I asked her is who touched her. She responded with the Hispanic pronunciation of somebody, which I did not know. I did not understand her pronunciation. Again, I asked the foster mother for help, if she could interpret for me, and she did. When I asked the child where she was touched by that individual, she pointed to the vaginal area and the perianal area. Then I asked her what was used to touch her there, and the child gave me no response. So she did not respond on what was used to touch in that area. I also asked her whether anybody else had ever touched her in those particular areas. And she responded no to that question."

Goetz testified that, when he asked the foster mother what the name was that the child had said when she was asked who had touched her, the foster mother said, "Gilberto."

Defendant's only assignment of error is that the trial court erred in admitting the child's identification of defendant to the physician under OEC 803(4),[3] which provides that statements made for medical diagnosis or treatment are exceptions to the hearsay rule and, thus, are admissible. As was explained in *State v. Moen*, 309 Or 45, 55, 786 P2d 111 (1990):

---

[2] Defendant does not argue that there was anything improper about the foster mother's translation of the child's statements.

[3] OEC 803 provides:

"The following are not excluded by [OEC 802, the general rule against the admission of hearsay], even though the declarant is available as a witness:

"* * * * *

"(4) Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception of general character of the cause or external source thereof in so far as reasonably pertinent to diagnosis or treatment."

"To be admissible under OEC 803(4), a statement must meet three requirements:

"(a) The statement must be 'made for purposes of medical diagnosis or treatment';

"(b) The statement must describe or relate 'medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause [or] external source thereof';

"(c) The statement must be 'reasonably pertinent to diagnosis or treatment.' "

Defendant, relying on *State v. Vosika*, 83 Or App 298, 309, 731 P2d 449, *mod* 85 Or App 148, 735 P2d 1273 (1987), first argues that the child was too young to understand that, when she identified defendant, she was making the statement for the purposes of medical diagnosis or treatment. In *Vosika*, we concluded that a three-year-old declarant, who was being treated for the psychological effects of sexual abuse, was too young to understand that the statements that she was making were related to her diagnosis or treatment. However, *Vosika* does not hold that a young child may never be found to have made statements for purposes of medical diagnosis and treatment. In other circumstances in which a child may be too young to articulate that she made statements for purposes of medical diagnosis or treatment, we have held that the record supported a finding that the statements were made for that purpose. *State v. Newby*, 97 Or App 598, 601, 777 P2d 994, *rev den* 308 Or 660 (1989).

■ We hold that the record here supports the conclusion that the child was aware that she was undergoing a medical examination. Goetz explained that he conducted the examination as if it were a routine medical exam:

"We will do this sort of exam just as we would do a general examination and most often start by examining the heart and the lungs and the ears, nose and throat and going through a full examination and then looking at the genitalia area as the last part of the exam and, hopefully, by that point have gained some of the child's rapport and trust that this is not going to be all that much of a threatening procedure for her. Oftentimes we'll get the adult that accompanies the child involved, too. So they're there in support of the child."

Although the child likely could not have articulated what the purpose of her statements was, we conclude that it is reasonable to infer that the child understood that she was making the statements for purposes of the medical examination.

■ Defendant also argues that the statements to Goetz were not admissible, because they did not meet the requirements of *State v. Moen, supra*, 309 Or at 55, that they must relate to the medical problem and be reasonably pertinent to diagnosis or treatment. However, in the examination, the doctor found tears in the child's hymen and scarring of the hymenal tissue, which he said is atypical in a five-year-old girl. He testified that asking questions about the details of the incident were necessary "in determining what the objective findings are and also in planning, then, for subsequent therapies with whatever needs to be done in terms of the individual case." We conclude that the questions and the responses related to "the inception or general character of the cause [or] external source thereof."

■ Defendant next asserts that, because the child was already in protective custody at the time of the medical examination, the doctor had no need to know the identity of the perpetrator. Defendant argues that the identification, therefore, was not pertinent to diagnosis and treatment. We have previously held that "statements by a child abuse victim to a physician during an examination that the abuser is a member of the victim's immediate household *are* reasonably pertinent to treatment." *State v. Vosika, supra*, 83 Or App at 306 (citing *United States v. Renville*, 779 F2d 430, 436 (8th Cir 1985)). (Emphasis in original.) The need for that type of identification is not only necessary for the protection of the child, but also for treatment of the physical and psychological harm. *State v. Newby, supra*, 97 Or App at 602. Goetz testified that he obtained the history to aid both in his objective findings and in the planning of subsequent therapy. We conclude that the court did not err in admitting Goetz's testimony about the child's statements to him.

As part of his assignment of error, defendant also argues that there was no corroboration of the child's statements to the police. He makes his argument on the basis that the statements to Goetz were inadmissible and, therefore, could not be used to corroborate her statements to the police,

as required under OEC 803(18a)(b). Because of our disposition of the case, it is unnecessary to address that issue. Defendant does not raise the issue of whether hearsay statements may be used as corroboration under OEC 803(18a)(b) and, therefore, we do not decide it.

Defendant also assigns error to the trial court's denial of his motion for a new trial. We conclude that the trial court did not abuse its discretion in denying the motion.

Affirmed.