# STATE OF OREGON,
*Respondent,*

*v.*

# JUDY COLLEEN NUNN,
*Appellant.*

## (CM 88-0243; CA A51003)

783 P2d 26

Steven Ensor, Corvallis, argued the cause for appellant. With him on the brief were Patrick L. Hadlock, Larry W. Stuber and Ringo & Stuber, P.C., Corvallis.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals her conviction, after a stipulated facts trial, for possession of a controlled substance. ORS 475.992. She assigns as error the trial court's failure to grant her motion to suppress. We affirm.

■      This is a case of first impression in this state. The issue is whether an affidavit supporting a search warrant is defective because the magistrate who issued the warrant failed to sign the jurat attesting that the affidavit was executed under oath.

Defendant contends that the magistrate's failure to sign the jurat makes the warrant constitutionally insufficient, because it denies her the protection provided by the warrant's being supported by oath or affirmation. Or Const, Art I, § 9. Defendant contends further that extrinsic evidence should not be used to establish that an oath or affirmation supported the warrant if the jurat is absent. The state argues that the court may properly look to evidence extrinsic to the affidavit to determine if an affidavit was executed under oath or affirmation and was, therefore, constitutionally sufficient.

Defendant cites two Pennyslvania cases interpreting a similar constitutional provision that held that a jurat or other written record that an affiant was under oath is constitutionally required. *Commonwealth v. Williams,* 237 Pa Super 324, 352 A2d 67 (1975); *Commonwealth v. McAfee,* 230 Pa Super 336, 326 A2d 522 (1974). The Pennsylvania court reasoned that such a requirement was implicit in the oath and affirmation provision and necessary to guarantee that the provision would be followed. We agree that the constitutional safeguard must be observed. However, we also agree with those jurisdictions that have held that a written record need not be the only way to show that the requirement was observed. *See, e.g., Milne v. State,* 607 P2d 360, 362, *reh den* 614 P2d 766 (Alaska 1980); *White v. State,* 702 P2d 1058 (Okla Crim 1985).

■      Article I, section 9, does not specify a procedure for determining whether an affidavit is supported by oath or affirmation; it simply requires that it, in fact, be so supported. The jurat on an affidavit provides *an* effective means of attesting that an affidavit was sworn to under oath, but it is not the only

effective or permissible means.[1] Here, the court found, from the affiant's testimony, that the affidavit supporting the warrant was executed under oath. That testimony is undisputed, and nothing in the constitution prohibited the court from considering it. We hold that the trial court properly considered extrinsic evidence in finding that the oath or affirmation requirement had been met.

Affirmed.

---

[1] ORS 45.020, which defines an affidavit, includes no requirement that the oath or affirmation be supported by a written record:

"An affidavit is a written declaration under oath, made without notice to the adverse party."