# STATE OF OREGON,
*Respondent,*

*v.*

# LARRY KEITH MELTON,
*Appellant.*

## (TC90-13772; CA A68817)

829 P2d 1053

Richard L. Wolf, Oregon City, filed the brief and argued the cause for appellant.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his DUII conviction. ORS 813.010. He assigns as error the trial court's refusal to grant a mistrial or to give a curative instruction to the jury.[1]

A motion for mistrial must be timely. It is timely if it is made when the objectionable conduct has just occurred. *State v. Walton*, 311 Or 223, 248, 809 P2d 81 (1991). Defense counsel objected to the prosecutor's question and said, "I have a matter for the Court. We can take it up later." The court responded, "I'll sustain the objection." The court then asked if the parties were ready for closing arguments. Defense counsel responded, "With reservation, yes, Your Honor." After the jury retired to deliberate, defendant moved for a mistrial. The court denied the motion.

Defendant's motion was not timely. When the prosecutor made the objectionable remarks, counsel should have either expressly moved for a mistrial or obtained leave of the court to make the motion before the jury began deliberations. *See Moody v. Rasmussen*, 274 Or 605, 612, 547 P2d 623 (1976). He did neither.

Defendant also assigns error to the court's imposition of a 15-day jail sentence as a condition of probation. The court did not err. *State v. Oary*, 109 Or App 580, 820 P2d 857 (1991), *mod* 112 Or App 296, 829 P2d 90 (1992).

Affirmed.

---

[1] Defendant did not request the trial court to give a curative instruction.