Argued and submitted November 30, 1992; resubmitted In Banc March 10, reversed and remanded for new trial May 19, reconsideration denied September 8, petition for review allowed November 2, 1993 (318 Or 24)

STATE OF OREGON,
*Respondent,*

*v.*

MARK K. COOPER,
*Appellant.*

(91-2249-C; CA A72530)

852 P2d 948

James N. Varner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

LEESON, J.

Edmonds, J., concurring.

Rossman, J., concurring in part; dissenting in part.

De Muniz, J., dissenting.

## LEESON, J.

A jury convicted defendant of assault in the fourth degree and criminal mischief in the second degree. ORS 163.160; 164.354. The issue is whether the state can prevent the court from excluding a witness, who is a city police officer, by designating the officer as the state's representative under OEC 615(2). We reverse and remand.

This is a simple assault and criminal mischief case. The pivotal issue in the trial was whether defendant or "the victim" was the aggressor. Both testified, and they gave notably different accounts of their altercation.

Davis testified that he is a process server. After two or three unsuccessful attempts to serve documents on defendant, he went to defendant's home and found the front door partially open. He knocked, and defendant came to the door. Davis told defendant that he had some papers for him. Defendant kicked the door closed, but the latch did not engage, and the door bounced open. Davis dropped the documents and turned to leave. As he was leaving, defendant came out and kicked him. Davis turned around and said, "I don't want this to go any farther." Defendant lunged at Davis and a scuffle ensued.

Defendant testified that he was awakened by a loud bang. He went to the door and saw a person (Davis) whom he did not know. Davis kicked in the door, grabbed defendant and dragged him outside. Eventually, the men separated, and Davis left.

Davis went to a nearby park to call the police. Defendant went to the police station. Both men wanted to press charges. Officer Brooks took a statement from defendant, who then went to a hospital for medical treatment. Davis arrived at the station, and Brooks took a statement from him also. After taking the witnesses' statements, Brooks decided to cite defendant for assault.

At trial, defendant moved to exclude witnesses from the courtroom while they were not testifying. For reasons known only to the state, the prosecutor designated Brooks as the state's representative and requested that she be allowed

to sit at the counsel table. The court granted the state's request.

In his first assignment of error, defendant contends that the court erred by refusing to exclude Brooks from the courtroom. The dissenting opinions contend that defendant did not preserve the purported error for appellate review.[1] In *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988), the court articulated a framework for determining whether an error has been adequately preserved:

> "We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. The first ordinarily is essential, the second less so, the third least." (Emphasis in original; citation omitted.)

At trial, defendant argued:

> "[The] police officer has no right to sit at counsel table * * *. [The Court of Appeals has] held that rule 615 requires exclusion of witnesses upon proper motion absent a showing of good cause for not excluding them. And I don't think the state has met that burden."

Defendant clearly objected to Brooks' presence in the courtroom, as well as her placement at the counsel table. He identified OEC 615 as the source of law that supported his contention that she should be excluded from the courtroom.

Defendant argued:

> "[Brooks is] just another witness in this case, and [she is] not a party, necessarily. * * * They're not saying that it's [*sic*] a party, they're not saying the officer's a victim and they're not saying that this party is essential to the presentation of [the state's case]."

---

[1] ORAP 5.45 provides, in part:

"(2) No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assign as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record.

"* * * * *

"(4) Each assignment of error shall be clearly and concisely stated under a separate and appropriate heading, must be specific and must set our verbatim the pertinent portions of the record, if it relates to a specific ruling that is being challenged."

That argument addressed defendant's contention that Brooks did not fit within any of the exceptions to the general rule of OEC 615, including the exception for a witness who is "an officer or employee of a party which is not a natural person." Defendant satisfied every requirement for preserving the purported error. *State v. Hitz, supra.*

The caption of defendant's first assignment of error refers to his contention that the court erred by allowing Brooks to sit at the counsel table. An unnecessarily rigid application of ORAP 5.45 might lead to the conclusion that he has not properly presented his contention that the court erred by refusing to exclude Brooks from the courtroom. However, in the first paragraph of his argument he states, "Defendant appeals from the trial court's failure to exclude this police officer witness." The remainder of his argument focuses on whether the officer should have been excluded from the courtroom. He has adequately assigned the error for our review. ORAP 5.45(2), (4).

■ Accordingly, we turn to the merits of defendant's first assignment of error. OEC 615 provides:

"At the request of a party the court may order witnesses excluded until the time of final argument, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person who whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) the victim in a criminal case."

In general, a decision whether to exclude witnesses is within the court's discretion, because OEC 615 provides that "the court *may* order witnesses excluded." (Emphasis supplied.) By using the term "may" in the rule, the legislature intended courts to have discretion in deciding whether to exclude witnesses. *State v. Harding*, 116 Or App 29, 32 n 4, 840 P2d 113 (1992); *see State v. Ede*, 167 Or 640, 642-43, 117 P2d 235 (1941).[2] However, OEC 615 "does not authorize exclusion"

---

[2] *Ede* was decided under OCLA § 4-702, which provided:

"If either party require it, the judge may exclude from the courtroom, any witness of the adverse party not at the time under examination, so that he may not hear the testimony of other witnesses."

of witnesses who fall into one of four categories of exceptions. It does not give the court discretion to exclude them.[3] Whether a party can designate a witness as its "representative" under OEC 615(2) is a question of law.

■ OEC 615(2) provides that "an officer or employee of a party which is not a natural person" may be designated as a representative. Brooks was an employee of the City of Ashland. *See* ORS 237.610. The City of Ashland is not a party in this case—the State of Oregon is. Brooks was neither an officer nor an employee of the state.

■ The state apparently believes that it can designate any witness it desires as its "representative" and the court is without authority to exclude that witness from the courtroom. The legislature could not have intended to permit a litigant to abrogate a statute at will. A party that is not a natural person may designate a witness as its representative only if it establishes that the witness is actually an officer or an employee of the party. The state did not make that showing, nor could it.

■ Brooks was not one of the four types of witnesses who are exempt from exclusion under OEC 615. The court was therefore required to exercise its discretion in deciding whether to exclude her from the courtroom. However, the court did not exercise its discretion, because it mistakenly concluded that it had no authority to exclude her. The court's failure to exercise its discretion constituted an error. Because of the difficulty of showing that the testimony of one witness has been influenced by the testimony of another, we presume that defendant was prejudiced by Brooks' presence in the courtroom, "unless the record affirmatively reflects the contrary." *State v. Cetto*, 66 Or App 337, 340, 674 P2d 66, *rev den* 296 Or 712 (1984). Nothing in this record negates that presumption.

---

OCLA § 4-702 was codified at *former* ORS 45.510 in 1953, which was repealed in 1981, when the legislature adopted OEC 615. Or Laws 1981, ch 892, §§ 56, 98.

[3] We express no opinion whether any other rule of law authorizes a court to exclude a witness who falls within one of the exceptions listed in OEC 615. We also express no opinion whether any rule of law authorizes a trial court to "veto" the designation of a representative who *is* an officer or an employee of a party that is not a natural person. *See* 120 Or App at 497.

To the contrary, the record reflects that the prejudice was compounded. Brooks testified after sitting through the testimony of the state's other witnesses, and she testified again on rebuttal after hearing defendant's entire case. *See State v. Vosika*, 83 Or App 298, 302, 731 P2d 449, *clarified* 85 Or App 148, 735 P2d 1273 (1987); *State v. Ott*, 61 Or App 576, 583, 659 P2d 388 (1983), *rev'd on other grounds* 297 Or 375, 686 P2d 1001 (1984).

Defendant also contends that the court erred by not granting a mistrial. Because we conclude that defendant is entitled to a new trial, we need not address that assignment of error.

Reversed and remanded for a new trial.

**EDMONDS, J.,** concurring.

The majority holds that OEC 615 " 'does not authorize exclusion' of witnesses who fall into one of [its] four categories of exceptions." 120 Or App at 494-95. Then, at footnote 3, it says "[w]e express no opinion whether any other rule of law authorizes a court to exclude a witness who falls within one of the exceptions listed in OEC 615." It concludes that, because the state's designated representative was a city police officer, not an officer or employee of the state, the trial court was not bound by OEC 615 to permit the witness to sit at counsel table as the state's representative.

Although I agree with the majority that the trial court mistakenly believed it had no discretion to exclude the city police officer as a representative of the state, I do so for a different reason. OEC 615 does not mandate that a trial court allow the state to preempt the court's obligation to ensure that a fair trial occurs. It is not uncommon in criminal trial proceedings that cross-examination of the state's witnesses is crucial to a fair presentation of a defendant's case. Often, for cross-examination of a prosecution witness to be effective, it requires that the witness not have the benefit of hearing other testimony.

At the heart of OEC 615 is the proposition that, in the pursuit of truth, the trial judge must retain the ability to exclude witnesses whose credibility is crucial to the determination to be made by the fact finder from the courtroom

except when testifying. The importance of that ability is magnified because the defendant's liberty interest is at stake. The legislature intended OEC 615 as an aid to the trial court to ensure a fair trial, not as an inhibition.[1]

Because we are required to interpret OEC 615 to carry out the intent of the legislature, ORS 174.020, we should construe the rule to mean that the trial court retains the discretion to veto the state's designated representative. The result would be that the state could always have a representative present but defendant's right to a fair trial would also be preserved. Otherwise, trial judges are deprived of their role as arbitrators of justice.

Richardson, C. J., and Riggs, J., join in this concurring opinion.

**ROSSMAN, J.,** concurring in part; dissenting in part.

I disagree with the majority's conclusion that defendant raised, preserved and correctly assigned as error the issue of whether or not Officer Brooks was an "officer or employee" of the state. Even if I agreed with the majority on this threshold matter, however, I cannot accept the majority's holding that, as a matter of law, a city police officer cannot be designated as an "officer or employee" of the state, because that holding completely ignores the purpose of the rule. For these reasons, I must dissent.

The majority disposes of this case on the issue of whether a city police officer may be an "officer or employee" of the state, based on defendant's argument that the officer should have been excluded. I believe that the relationship between a city police officer and the state, and its effect on the state's designation of the officer as its "officer or employee," is a specific issue, which had to be raised by the defendant before we would be permitted to reach it. The majority believes that issue is included in the larger issue of whether Brooks should have been excluded under OEC 615. As a result of our disagreement on this threshold matter, we disagree at every step of the analysis.

---

[1] For instance, the trial court can exclude witnesses on the request of a party or on *its own motion* under OEC 615.

In *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), the court distinguished between raising an issue, identifying a source, and making an argument. It held that, under certain circumstances, when an issue was raised, the omission of a source or argument "cannot compel a court to a needless constitutional decision." 307 Or at 188. The majority cites *Hitz* and argues that the defendant raised the necessary issue below. I disagree.

Although *Hitz* does not provide us with a clear definition of the term "issue," the facts in the case shed some light on the proper scope of the term. In *Hitz*, the defendant was convicted of a knowing unlawful misapplication of entrusted property. At trial, she had argued:

> " 'I believe that the State has not met the burden of proof in showing, first of all, that Ms. Hitz was or had knowledge that any misapplication of funds, if it has at all been shown that there was a misapplication, was done unlawfully.' " 307 Or at 187.

At the close of the state's case, the defendant moved for a judgment of acquittal on the grounds that the state had failed to prove that she had acted with knowledge that the misapplication was unlawful. On appeal, we held that she had "abandoned" the argument that there was no evidence of unlawful misapplication, and affirmed her conviction. The Supreme Court reversed, noting:

> "Defendant argued to the trial court that the state had not proved her knowledge 'that any misapplication of funds, if it has been shown that there was a misapplication, was done unlawfully.' She argued to the Court of Appeals that the state had not proved an element of misapplication required by the statute, that is, violation of a law or regulation outside ORS 165.095 itself." 307 Or at 189.

The court held that defendant had sufficiently preserved the issue that there was no evidence of unlawful misapplication. It reversed the conviction on the grounds that the state had failed to prove the defendant had the requisite knowledge. Because the issue had been raised at trial, "[t]he state was not ambushed or misled or denied an opportunity to meet defendant's argument." 307 Or at 189.

In this case, I believe that the state *is* being ambushed. It is well settled that the purpose of requiring

parties to raise issues at trial is to give the court an opportunity to consider them, and to give the parties a chance to present arguments and evidence supporting their positions. To this end,

> "*[a] party owes the trial court the obligation of a sound, clear, and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made.* The reason for such a rule is not merely to promote form over substance but to promote an efficient administration of justice and the saving of judicial time." *Shields v. Campbell*, 277 Or 71, 77-78, 559 P2d 1275 (1977). (Citations omitted; emphasis supplied.)

Obviously, the defendant in *Hitz* specifically raised the pertinent issue at trial. The state therefore had the opportunity to present argument and authority in support of its position. Certainly the motion for judgment of acquittal based on that issue gave the trial court the opportunity to address it.

In this case, however, there was no such opportunity. The trial court was presented with the issue of whether the witness should be excluded, *not* with the issue of whether a city police officer may be designated as the "officer or employee" of the state. I do not agree with the majority's implicit reasoning that the former issue includes the latter.

Each issue raises very different questions and procedures. When a party moves to exclude witnesses, the trial court excludes them unless the party seeking to avoid the exclusion can show good cause, using particular arguments and authority, why a particular witness should remain. However, when a party moves to exclude a witness, and that witness falls under one of the exceptions of OEC 615, the trial court does not have discretion to exclude, and no good cause analysis is required. Instead, the witness is exempt from exclusion unless a party raises a factual question about whether the witness actually comes within the exception.[1] If that question has been placed in issue, then the party seeking to exempt the witness from exclusion may be asked to provide evidence, arguments or authority supporting its position.

---

[1] I do not agree with the majority's apparent conclusion that each witness falling under one of the exceptions to OEC 615 must *affirmatively* prove that status. *See infra*, 120 Or App at 503.

Here, defendant did not contend at trial that Brooks could not be an "officer or employee" of the state because she was not a city police officer. As a result, the state did not have the opportunity to present its position, and the court did not have the opportunity to rule on that issue. I would hold that defendant did not properly raise this issue.[2]

Even if I agreed that defendant's objections below were sufficient, *defendant did not raise this issue on appeal*. In his first assignment of error, he challenges only the trial court's "allowing, over defendant's objection, a police officer witness to sit at counsel table with the prosecutor during the entire trial." He then goes on to argue that the trial court abused its discretion in failing to exclude the officer, because the state had failed to meet its burden of showing good cause for the officer to remain. In fact, the only mention of the issue of whether a city police officer may be an "officer or employee" of the state is in the *state's* brief, in a footnote which says that, if defendant *had* challenged the officer's designation, he might have made the argument that a city police officer could not be an "officer or employee" of the state.

The majority correctly notes the incongruity between defendant's assignment of error and his argument, and recognizes that ORAP 5.45 might have been violated. It then goes on to avoid an "unnecessarily rigid" application of ORAP 5.45, and reaches defendant's exclusion argument. I cannot agree to this expansion of our role. Given our already constrained resources and our efforts to improve the timeliness with which we issue opinions, we should be construing ORAP 5.45 *more strictly*, not more liberally.

Assuming, *arguendo*, that defendant had both preserved and raised this issue, I disagree with the majority's summary conclusion that, as a matter of law, a city police officer cannot be designated by the state as its "officer or

---

[2] I also would not reach this issue as error apparent on the face of the record under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). In *Ailes*, the court listed several factors that must be considered in exercising discretion, including the gravity of the error, the ends of justice, and *whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error*. 312 Or at 382 n 6. Here, the court was not presented with *any* side of this issue, because defendant failed to raise it.

employee." This is the first time we have been asked to construe OEC 615(2). The Legislative Commentary to the rule does not specifically discuss subsection (2). *See* Legislative Commentary to OEC 615, *reprinted in* Kirkpatrick, *Oregon Evidence* 412 (2d ed 1989). However, OEC 615 was based on Rule 615 of the Federal Rules of Evidence. Kirkpatrick, *Oregon Evidence* at 412. In the Senate Report on the federal rule, the Senate Committee on the Judiciary described the reasons for subsection (2):

> *"Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in - he always has the client with him to consult during trial.* The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. *Yet, it would not seem the Government could often meet the burden under rule 615 of showing that the agent's presence is essential.*
>
> "\* \* \* \* \*
>
> *"This problem is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.'* It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule." S Rep No. 93-1277, 93rd Cong, 2nd Sess. (1974), US Code Cong & Adm News 7051, 7072-73 (1974). (Emphasis supplied.)

It is obvious that the drafters of the federal rule intended that an investigative officer would be both exempted from exclusion and allowed to sit at counsel table. Many federal courts have so interpreted FRE 615(2). *See, e.g., United States v. Little,* 753 F2d 1420 (9th Cir 1984); *United States v. Parodi,* 703 F2d 768 (4th Cir 1983); *United States v. Jones,* 687 F2d 1265 (8th Cir 1982); *United States v. Shearer,* 606 F2d 819 (8th Cir 1979). State courts interpreting their own versions of FRE 615(2) have also arrived at the same conclusion. *See, e.g., People v. Cheeks,* 682 P2d 484 (Colo 1984); *State v. Ralls,*

111 Idaho 485, 725 P2d 190 (1986); *State v. Chavez*, 100 NM 730, 676 P2d 257 (1983), *rev den* 100 NM 689, 675 P2d 421 (1984). Further, as the designated representative of the "party which is not a natural person," the officer is entitled to sit at the counsel table just as a natural person who is a party is so entitled.[3] *See, e.g.,* S Rep No. 93-1277, 93rd Cong, 2nd Sess. (1974), US Code Cong & Adm News 7051, 7072-73 (1974). I find those authorities persuasive and would hold that the trial court did not err in refusing to exclude the officer and in allowing her to sit with the prosecutor.

The majority does not cite the history or the purpose of OEC 615(2). Instead, it notes that Brooks was an *employee* of the city of Ashland, and that the city is not a party in this case. It goes on to hold, without providing analysis or citing any relevant law, that "Brooks was neither an *officer* nor an employee of the state." 120 Or App at 495. (Emphasis supplied.) I do not believe that Brooks' status as an *employee* of the city disposes of her potential status as an *officer* of the state.[4]

The majority further holds that, as a matter of law, a city police officer cannot be an "officer or employee" of the state. This conclusion is unfathomable. State, county and city police officers are all charged with keeping the peace.[5] It is nonsensical to hold that, as a matter of law, a peace officer, who has sworn to uphold the laws of the state, and who must sometimes risk his or her life to enforce those laws, *cannot* be an officer of the state. Federal courts and several states have held, under their respective versions of FRE 615(2), that a city police officer may be designated as an "officer or

---

[3] Any party concerned that the presence of the investigative officer might cause an unfair advantage is free to ask for an instruction informing the jury that the officer's presence next to the prosecutor does not serve as "silent witness" against the defendant. *See, e.g., State v. Wederski*, 230 Or 57, 61, 368 P2d 393 (1962).

[4] I also disagree with the majority's characterization of the state's position as an attempt to somehow manipulate the court. The state was entitled to designate an "officer or employee," and nothing in the record or the briefs indicates that the state is taking the position that it can choose *any* witness for that designation.

[5] ORS 161.015(4) defines a peace officer as

"a sheriff, constable, marshall, *municipal police officer*, member of the Oregon State Police or investigator of the Criminal Justice Division of the Department of Justice and such other persons as may be designated by law." (Emphasis supplied.)

employee" of the government or state. *See, e.g., U.S. v. Davila*, 964 F2d 778 (8th Cir 1992), *cert den* ___ US ___, 113 S Ct 438, 121 L Ed 2d 358 (1992); *United States v. Jones*, 687 F2d 1265 (8th Cir 1982); *State v. Ralls, supra; State v. Carter*, 776 P2d 886 (Utah 1989). Certainly, a city police officer is considered a state actor for purposes of civil rights actions. *See, e.g.*, cases collected in 1 ALR Fed 519 (1969), including Supp 132-152 (1992).

The State of Oregon is a party in every criminal case brought for violations of state law. ORS 131.025. State police are *not* the investigative officers in every case. The majority's holding essentially consigns the state's ability to designate an investigative officer as its "officer or employee" to those cases in which a *state* police officer happened to be the investigating officer. That interpretation completely ignores the purpose of the rule, and drastically limits the state's ability to have the assistance of the investigating officer.[6]

I agree with the majority that OEC 615 does not provide trial courts with discretion to exclude a witness who falls under one of the four exemptions.[7] However, I do not agree with the majority's conclusion that each witness falling under an exemption must *affirmatively* prove his or her status, regardless of whether the opposing party has questioned it. OEC 615 provides:

"At the request of a party the court may order witnesses excluded until the time of final argument, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an

---

[6] In any event, because this issue was not presented below, the state did not have an opportunity to present evidence to show that Brooks *was* an "officer or employee" of the state.

[7] The concurrence argues that OEC 615 provides trial judges with the discretion to "veto" the state's designated representative. I do not see that language in the rule. Instead, OEC 615 provides a trial court with the discretion to exclude, on its own motion or on the motion of a party, any witness who does not fall under one of the four enumerated exceptions. The rule also specifically states that it *"does not authorize* exclusion of * * * (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney." (Emphasis supplied.) The concurrence's construction of the rule completely ignores this language and the purpose of the rule, which is to allow the investigative officer to provide assistance to the prosecutor. Allowing a trial judge to pick and choose the state's representative would render the exception useless. The state would get small comfort from being allowed to have a judicially selected representative sit next to counsel while the officer whose assistance is desired is sitting in the hall.

officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) *a person whose presence is shown by a party to be essential* to the presentation of the party's cause, or (4) the victim in a criminal case." (Emphasis supplied.)

Clearly, the rule places an affirmative burden only on the party seeking an exemption under subsection (3). As a result, the party objecting to the presence of the witness *must* raise the issue of whether the witness does not factually qualify for an exemption, unless it is under subsection (3).[8] It is a pointless waste of time and resources to require the party and the court to jump through hoops to prove the status of a witness if no one has challenged it.

Under the rule, a victim or party stands in the same position as an "officer or employee." It seems particularly harsh to require someone who was already victimized to prove, at the outset, that they were harmed by the defendant in a criminal case, *when their status as a victim has not been questioned*. In addition, I cannot see the point in requiring parties to prove their status before they are allowed to sit at counsel table, when the other party has not objected. In holding that an "officer or employee" has the burden of proving status before it is questioned, the majority is also placing a new burden on victims and parties.

Because the majority finds that the officer should have been excluded, it does not address defendant's second assignment of error, which challenges the trial court's denial of his motion for a mistrial. In her opening argument, the prosecutor mentioned defendant's failure to speak to the police about the incident. After the state had presented its case, defendant moved for a mistrial based on the opening statement. The trial court denied the motion and gave a cautionary instruction.

A motion for mistrial must be made when the objectionable conduct has occurred and before the incident is "allowed to pass by." *State v. Kolbe*, 115 Or App 268, 273, 838 P2d 612 (1992), *rev den* 315 Or 644 (1993), *citing State v. Shafer*, 222 Or 230, 235, 351 P2d 941 (1960). Defendant

---

[8] I do not express an opinion about whether the court is free to question the status of a witness on its own motion.

waited until the state had called two witnesses and presented its case before he objected to the opening statement. Under the circumstances, the trial court did not abuse its discretion in denying the untimely motion. *State v. Melton,* 112 Or App 648, 649, 829 P2d 1053, *rev den* 314 Or 176 (1992).

I dissent.

Deits, J., joins in this dissent.

**De MUNIZ, J.,** dissenting.

I agree with Judge Rossman that the purported error is unpreserved and that the trial court did not abuse its discretion by denying defendant's untimely motion for a mistrial. The conviction should be affirmed.