Submitted on remand July 15, affirmed September 7, petition for review denied October 25, 1994 (320 Or 325)

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK K. COOPER,
*Appellant.*

(91-2249-C; CA A72530)

880 P2d 514

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

■ Defendant appealed from his conviction for assault in the fourth degree. We reversed his conviction based on the trial court's failure to exclude a witness designated by the state as its representative. *State v. Cooper*, 120 Or App 490, 852 P2d 948 (1993). On review, the Supreme Court reversed. *State v. Cooper*, 319 Or 162, 874 P2d 822 (1994). It remanded to this court for consideration of defendant's other assignment of error.

■ Defendant argues that the trial court erred in denying his motion for a mistrial.[1] To preserve error, a motion for a mistrial must be timely. *State v. Walton*, 311 Or 223, 248, 809 P2d 81 (1991). Defendant is precluded from appellate review of this issue, because he did not raise his objection in a timely manner. *State v. Isom*, 313 Or 391, 405, 837 P2d 491 (1992).

Affirmed.

---

[1] During opening statement, the prosecutor mentioned that defendant had refused to give a statement to the police regarding the altercation. Defense counsel did not make a timely objection to the prosecutor's comment but proceeded to give defendant's opening statement. Defendant first raised the objection and motion for a mistrial after the state's second witness was called:

"[Defense Counsel]: At this time I would have to move for a mistrial, based upon the prosecution's commenting upon Mr. Cooper not talking or making a statement to the police. That's a direct comment on his right not to incriminate himself. And I think the jury would be prejudiced by that. So I would move for a mistrial.

"[The Court]: Although the prosecution did make a brief reference to that in the opening statement, I am denying the motion for a mistrial. Why don't we, because I don't think it will unduly prejudice the jury (inaudible). I will be (inaudible) to give a cautionary instruction."

After further discussion, defense counsel recognized his tardiness in objecting to the comment:

"If I had objected at the correct time I'm assuming that's when you probably would have instructed them. So I'm a little late in doing that but I still have to raise it and I'd ask you to do it now rather than waiting."

The court then instructed the jury not to draw any inferences from defendant's refusal to give a statement.