Argued and submitted May 19, affirmed October 11, 1995

## STATE OF OREGON,
### *Appellant,*

*v.*

## KATHY LINDA DRUMMOND,
### *Respondent.*

(941127; CA A85867 (Control))

## STATE OF OREGON,
### *Appellant,*

*v.*

## ROBERT HORACE DRUMMOND,
### *Respondent.*

(941128; CA A85868)
(Cases Consolidated)

903 P2d 925

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert J. McCrea argued the cause for respondents. With him on the brief was Robert W. Connell.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

Edmonds, J., dissenting.

### WARREN, P. J.

In this consolidated case, the state appeals a pretrial order suppressing evidence. We affirm.

Defendants were indicted on six counts of manufacture, delivery and possession of a controlled substance. They moved to suppress evidence seized in a search of their residence, arguing that the state had not proved that the search was conducted pursuant to a warrant. The trial court granted their motion, and the state appeals.

The relevant facts are not in dispute. Officer Pitcher of the Florence Police Department obtained a warrant to search defendants' residence. Later, he and other officers searched the residence, and seized evidence of a marijuana grow operation. After the search, Pitcher filed with the court a Return of Search Warrant, to which was attached a list of the evidence seized. The return recited:

> "I, John E. Pitcher the officer by whom this warrant was executed, say that the attached inventory contains a true and detailed account of all the property taken by me on the warrant issued 03-01-94 by Charles P. Littlehales, Circuit Court Judge and executed at 1012 on 03-02-94 at 2753 Canal Creek Road, Waldport, Lincoln County, Oregon."

Pitcher did not attach the original search warrant or a copy of the search warrant to the return, as required by ORS 133.615(2).[1] Both the trial court administrator and the issuing magistrate told Pitcher to return the original warrant. Some time later, the trial court administrator received in the mail a copy of the warrant. The copy arrived in an envelope bearing a return address of the Florence Police Department, but the copy was not accompanied by any letter or any other indication that it came from Pitcher or that it was a copy of the warrant that was executed at defendants' residence. The trial court administrator did not file the copy, because it was a copy rather than the original.

---

[1] ORS 133.615(2) provides:

"An officer who has executed a search warrant shall, as soon as is reasonably possible and in no event later than the date specified in the warrant, return the warrant to the issuing judge together with a signed list of things seized and setting forth the date and time of the search."

At the hearing on the motion to suppress, the assistant district attorney told the trial court that the officer had failed to return the original warrant, as required by ORS 133.615. The state offered into evidence the unfiled copy of the warrant. The trial court sustained defendants' objection to that evidence, concluding that there was no foundation laid that the proffered copy was a copy of the warrant that was actually served. Defendants then argued that the defect in the return of service made it impossible for the court to determine whether defendants' residence had been searched pursuant to a lawfully issued warrant. The trial court agreed and granted defendants' motion to suppress the evidence.

■ On appeal, the state assigns error to the granting of the motion to suppress. It asserts that the basis for the trial court's suppression was that the state violated ORS 133.615(2) by failing to make a proper return of the search warrant. According to the state, the court erred, because a technical statutory violation does not warrant the suppression of the evidence. Defendants respond that the state mischaracterizes the trial court's ruling. They assert that the basis for the trial court's suppression was "actually one of an absence of proof, *i.e.*, proof that the original warrant was served and utilized as a basis for conducting the search."

The trial court's order provides:

"1) The State offered into evidence the following documents: (a) Affidavit for Search Warrant; (b) a Return of Search Warrant, the same having been duly filed with the Court; and (c) an unfiled copy of a Search Warrant.

"2) Items (a) and (b) were received without objections, but counsel for the Defendant[s] objected to the receipt of item (c), the unfiled copy of the Search Warrant, on the grounds and for the reason there was no foundation whereby it is shown or established that such copy of the Search Warrant is the Warrant that was utilized to conduct the search, or that the search warrant, or true copy of the Search Warrant was actually served upon the Defendant and utilized as the basis and entitlement for the conduct of the search in this matter.

"3) The State then offered evidence in support of the admission of such copy of a Search Warrant.

"4) On such evidence and such showing before the Court, the Court found that the objection was well taken and sustained the objection.

"5) Whereupon, the State represented there was no further evidence to be offered to establish what Warrant, if any, and in what form was served and utilized as a basis and entitlement for the search and that the State could not support the validity of a warrantless search.

"6) The State did not move the court for a continuance, nor did the State offer any explanation why the officer who ostensibly served the warrant was absent at the hearing.

"7) The State did not present any evidence explaining why the statute requiring the return of the search warrant (ORS 133.615) was not complied with by the officer, nor did the officer who ostensibly served the warrant testify as to why the warrant was not returned in accordance with ORS 133.615.

"WHEREFORE, *the Court* being fully informed, *finds that the State has not proven that the search was conducted pursuant to a valid Search Warrant* and the State has not proved the validity of a warrantless search." (Emphasis supplied.)

The court's order shows that it suppressed the evidence not because there had been a mere technical violation of the statute, but because the court found that, in this case, the statutory violation resulted in the state being unable to prove a lawful search pursuant to a warrant.[2] Therefore, the question on review is not whether the technical statutory violation justifies suppression of the evidence as a matter of law, but whether the trial court's finding that the state had not proved that the search was conducted pursuant to a valid warrant is supported by the evidence. *See State v. Ehly*, 317 Or 66, 854 P2d 421 (1993).

---

[2] It is apparent that the trial court understood that a technical statutory violation does not necessarily require suppression of the evidence. During the hearing on the motion to suppress, the trial court discussed and distinguished several cases that involved whether statutory violations warranted suppression of the evidence. The court observed that, in those cases, there was "extrinsic evidence addressing the issue or the complained violation of the statute." *See, e.g., State v. Evans*, 110 Or App 46, 54, 822 P2d 1198 (1991); *State v. Nunn*, 99 Or App 503, 783 P2d 26 (1989). The court observed that, in this case, there was no such extrinsic evidence. Thus, the trial court understood that the defect in the return could be corrected by extrinsic evidence. The court simply concluded that what the state offered was not sufficient to cure the defect.

The dissent asserts that, before we can reach that issue, we should first answer a legal question: Did the trial court err in excluding the copy of the warrant from evidence in the suppression hearing? It relies on *State v. Wright*, 315 Or 124, 843 P2d 436 (1992), to conclude that the trial court erred in refusing to admit the copy. Although the admissibility of the copy would be the preliminary question had it been properly raised, here it has not been properly raised. Unlike in *Wright*, here the state does not assign error to the trial court's ruling excluding the copy of the warrant. Therefore, that ruling is not properly before us, and we may not consider it. ORAP 5.45. We proceed then to determine whether, based on the evidence that was admitted, the trial court's finding is supported by the evidence.[3]

■ The return of warrant form signed by Pitcher said that "the attached inventory contains a true and detailed account of all the property taken by me on the warrant issued 03-01-94 by [the issuing magistrate]." However, there was an absence of any evidence that the warrant issued on March 1, 1994, was the same one that was served at defendants' residence or that the copy of the warrant that was received in the mail was a copy of the warrant that was executed at defendants' residence.[4] There was also no evidence regarding why the original warrant was not returned. There was evidence that Pitcher was told by both the trial court administrator and the issuing magistrate that he needed to return the original warrant. The state had several months to remedy that defect or to secure some evidence about why the original warrant was unavailable. Further, the state had no explanation to offer in response to the court's question why the state had failed to offer an affidavit or testimony from the officer that "this [warrant] was the one that he actually served." As the trial court said:

"[W]e're left with the noncompliance with the statute. And now it looks — what we have here is, we don't have the

---

[3] Even if the court had considered the copy, however, it appears that the court's concern would not have been met. The evidence could show that the copy was the same as the warrant that was issued; it did not provide any evidence that the original warrant was served.

[4] The court said that it believed that the copy was of the warrant that the magistrate had issued. The court said, however, that "[t]he problem is, what did the officer *serve*?" (Emphasis supplied.)

warrant returned, we [don't] have the explanation for why the warrant wasn't returned. And I'm supposed to accept, on faith, that that document, Court Exhibit 1 [the copy of the warrant], which showed up in the Court Administrator's office is, in fact, the same warrant that was given the officer. And — I think this is what's missing — *that that is the one he read to the defendants when he executed it.*" (Emphasis supplied.)

The court's concern was not that the unfiled copy did not match the original warrant; it was that the copy could not prove what, if anything, the officer served when he searched defendants' residence.

On this record, the court could find that the state had failed to prove, as a matter of fact, that the officer searched defendants' home pursuant to an authorized warrant. Because there is evidence in the record to support that finding, we are bound by it. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). The trial court did not err in suppressing the evidence.

Affirmed.

**EDMONDS, J.,** dissenting.

The majority treats the issue in this case only as a factual one. It says:

"On this record, the court could find that the state had failed to prove, as a matter of fact, that the officer searched defendants' home pursuant to an authorized warrant. Because there is evidence in the record to support that finding, we are bound by it. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968)." 137 Or App at 174.[1]

I disagree with the conclusion that this case presents solely a factual issue reviewable on the basis of whether the findings of the trial court are supported by the evidence. The majority errs, because it refuses to consider as part of the state's assignment of error the propriety of the trial court's evidentiary ruling, which led to the grant of the motion to suppress.

---

[1] In *Ball*, the issue was whether the petitioner's confession was involuntary because it was coerced. The court said that there were two issues to be decided: what actually transpired at the time of the confession, a question of fact, and whether what transpired was sufficient to sustain a finding of voluntariness meeting constitutional standards of due process, a question of law. 250 Or at 487. Similarly, there are legal and factual issues framed by the state's assignment of error in this case.

The state's assignment of error reads: "The trial court erred in granting defendants' motion to suppress evidence seized under authority of a search warrant." The order that allows the motion and is the subject of this appeal recites that the state offered into evidence an affidavit in support of a search warrant, a return on an executed search warrant and an unfiled copy of a search warrant. It then notes that the affidavit and the return were admitted into evidence without objection, but that the copy of the search warrant was not received "on the grounds and for the reason that there was no foundation whereby it is shown or established that such copy of the search warrant is the warrant that was utilized to conduct the search * * *." Then, the order says, in pertinent part:

"3)  The state then offered evidence in support of the admission of such copy of a Search Warrant.

"4)  On such evidence and such showing before the Court, the Court found that the objection was well taken and sustained the objection.

"5)  Whereupon, the State represented there was no further evidence to be offered to establish what Warrant, if any, and in what form was served and utilized as a basis and entitlement for the search and that the State could not support the validity of a warrantless search.

"* * * * *

"WHEREFORE, the Court being fully informed, finds that the State has not proved that the search was conducted pursuant to a valid Search Warrant and the State has not proved the validity of a warrantless search.

"THEREFORE, IT IS HEREBY ORDERED that the Motion to Suppress filed herein is allowed."

The majority holds that the evidentiary ruling has not been assigned as error, and therefore, it will not review it under ORAP 5.45.[2] The majority is incorrect, because the state's failure to specify the evidentiary ruling in its assignment of error in the context of this case does not hamper our

---

[2] ORAP 5.45(4) provides:

"Each assignment of error shall be clearly and concisely stated under a separate and appropriate heading, must be specific and must set out verbatim the pertinent portions of the record, if it relates to a specific ruling that is being challenged."

review. In *Cross v. Campbell*, 173 Or 477, 146 P2d 83 (1944), the court said:

> "An assignment of error is a challenge of the correctness of something done in the circuit court against the purported rights of the appellant. * * * Its purpose is to bring clearly to the attention of the respondent and this court some act or ruling made in the trial court which the appellant claims was prejudicial to his rights. * * * The fact that an assignment of error specifies what was done and disputes its correctness narrows the succeeding argument to the course which was actually pursued and thereby avoids dispute concerning abstractions. * * * If the trial judge, in application of a principle of law which the appellant claims was erroneous, made more than one ruling adverse to the appellant, it is permissible for the sake of conciseness to include all of the rulings within a single assignment of error, provided that all are susceptible to like treatment." 173 Or at 480.

Similarly, we have excused the lack of strict compliance regarding assignments of error under ORAP 5.45(4). For instance, in an opinion written by the author of the opinion in this case, we said, "Because any technical defects have not hampered our review, we exercise our discretion to consider the assignment raised in Albertson's brief." *Albertson's Inc. v. Bureau of Labor and Industries*, 128 Or App 97, 99-100, 874 P2d 1352 (1993), *rev'd on other grounds*, 319 Or 162, 874 P2d 822 (1994);[3] *see also State v. Cooper*, 120 Or App 490, 852 P2d 948 (1993);[4] *Huffman and Wright Logging Co. v. Wade*, 109 Or App 37, 817 P2d 1334 (1991).[5] There is no principled distinction between the above cases in which we liberally applied ORAP 5.45(4) and this case. We need only to

---

[3] In *Albertson's*, the employer did not set out verbatim the pertinent portions of the record as it related to the challenged ruling in accordance with ORAP 5.45(4).

[4] In *Cooper*, the defendant's assignment of error said that the trial court erred by allowing a police officer to sit at counsel table with the prosecutor during trial. In the argument portion of the brief, the defendant said, "Defendant appeals from the trial court's failure to exclude the police officer witness [from the courtroom during trial]." We held that his assignment of error sufficed to frame his argument. 120 Or App at 494. Here, the state argued to the trial court and in its brief on appeal that the rules of evidence do not apply to hearings on motions to suppress under *State v. Wright*, 315 Or 124, 843 P2d 436 (1992).

[5] In *Huffman*, the defendants assigned as error the denial of their motions for partial summary judgment and a directed verdict. They did not address each issue under a separate assignment of error as required by ORAP 5.45(4). Because the arguments underlying each order were the same, we considered the assignment of error. 109 Or App at 39 n 1.

look at the trial court's order suppressing the evidence to discern the gravamen of the state's assignment of error. The trial court's evidentiary ruling is expressly encompassed in the order on appeal and is the legal predicate to its ultimate legal conclusion. Because the court's predicate for its ruling is obvious, we should follow the above precedents and consider the state's argument about the evidentiary error as part of its assignment of error.

The majority also says, "Even if the court had considered the copy, however, it appears that the court's concern would not have been met." 137 Or App at 173 n 3. That statement is speculation and is inconsistent with the Supreme Court's disposition in *Wright*. The trial court premised its legal ruling on its perceived absence of any evidence in the record about whether the search warrant that was issued is the search warrant that was executed. Had the copy of the warrant been admitted into evidence and considered with the other evidence, the trial court might have drawn the inference that the search of defendants' residence was pursuant to a duly authorized search warrant.

At the hearing, the state offered into evidence the affidavit in support of the issuance of a search warrant, a return on an executed search warrant, and the copy of the warrant received from the Florence Police Department. The trial court admitted the first two exhibits, but not the copy of the warrant. The state also elicited testimony from the prosecutor and the trial court administrator that the prosecutor had observed the magistrate issue a search warrant to Pitcher, a member of the City of Florence Police Department, for the search of defendants' premises at 2753 Canal Creek Road on March 1, 1994, which was identical to the copy of the warrant that the court refused to admit into evidence. The state's offer of proof demonstrated that at the time of the issuance of the original warrant, the magistrate delivered duplicate copies of the warrant to the prosecutor and to the court administrator for filing and gave the original warrant to Pitcher.

Thereafter, Pitcher filed a return for a search of the identical premises on March 4. However, the original warrant was not attached to the return. The return said, in part,

"I, John E. Pitcher the officer by whom this warrant was executed, say that the attached inventory contains a true and detailed account of all the property taken by me on the warrant issued 03-01-94 by Charles P. Littlehales, Circuit Court Judge and executed at 1012 on 03-02-94 at 2753 Canal Creek Road, Waldport, Lincoln County, Oregon."

The trial court administrator testified that when Pitcher gave him the return for filing, he told Pitcher based on instructions from the magistrate to return the original warrant to him in a confidential envelope. Later, the trial court administrator received an envelope through the mail with a return address for the Florence Police Department. The envelope contained the copy of the warrant that the trial court eventually refused to admit into evidence. The prosecutor testified that the copy of the warrant received in the envelope from the Florence Police Department was identical to the copies of the original warrant in her file and on file with the trial court administrator.

Had the trial court admitted the copy of the warrant into evidence, it could have reasonably inferred from all the evidence that the warrant issued by the magistrate was the warrant executed by Pitcher at defendants' residence on March 2. The trial court would have had before it a return that was referable to the warrant issued by the magistrate and a copy of the same warrant sent by the Florence Police Department, of which Pitcher was a member, to the trial court administrator after Pitcher had been instructed to submit the warrant in his possession to the court.

A similar problem involving a predicate evidentiary ruling to an ultimate conclusion that the state had not carried its burden of proof arose in *State v. Wright*. There, the defendant moved pretrial to suppress the evidence obtained by the police after he was stopped. He argued that the stop was without reasonable suspicion that he was driving while under the influence of intoxicants.[6] The defendant had been

---

[6] The state cited *State v. Wright*, 315 Or 124, 843 P2d 436 (1992), to the trial court for the proposition that the rules of evidence do not apply to hearings on motions to suppress. The court said in response:

"Well, *State v. Wright*, obviously, is the case.

"* * * * *

"I'll be darned if I can * * * this is an interesting question, because you know, the authenticity of this is really the nub of the question before the court.

stopped initially by Sergeant Martino. Shortly thereafter, Corporal Shimmin arrived. Martino told Shimmin why he had stopped the defendant. At the hearing on the motion to suppress, only Shimmin testified. He was asked what Martino had told him about the circumstances of the stop. The defendant objected on hearsay grounds, and the trial court sustained the objection. After excluding the hearsay evidence, the trial court granted the defendant's motion to suppress because the state could not prove that the initial stop of the defendant was based on reasonable suspicion.

On appeal, the state assigned as error the sustaining of the objection to Shimmin's testimony and the granting of the defendant's motion to suppress. On review, the Supreme Court reversed the trial court. It held that the trial court should have admitted and considered the excluded evidence and that the state's offer of proof about the circumstances of the stop was sufficient to demonstrate the validity of the stop. The court undertook a two-step analysis. First, it decided a question of law: whether the trial court had properly excluded the hearsay evidence of Martino's statements about the reasons for the stop. It reasoned that OEC 104(1)(a)[7] applies to hearings on motions to suppress and, therefore, the hearsay rules of the Oregon Evidence Code did not apply. Second, it determined that the evidence could support a finding that Martino reasonably suspected that the defendant was intoxicated and it remanded for the trial court to reconsider the

---

"'* * * * *

"Well, its — if I don't receive the warrant here in this case, and then the — are we in agreement that we're dealing — what we're dealing with here is, we don't have proof of a search with warrant, I guess."

[7] OEC 101(4)(a) provides,

"[OEC 100 to 412] and [OEC 601 to 1008] do not apply in the following situations:

"(a) The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [OEC 104]."

OEC 104(1) provides, in part:

"Preliminary questions concerning * * * the admissibility of evidence shall be determined by the court * * *. In making its determination the court is not bound by the rules of evidence except those with respect to privileges."

OEC 901 and OEC 902 govern the authentication and identification of documents as a condition precedent to admissibility.

defendant's motion to suppress in the light of the excluded evidence.

We should apply the same methodology in this case as the Supreme Court did in *Wright*. Here, the trial court improperly applied the rules of evidence to prohibit the introduction of a copy of the search warrant into evidence. It then ruled that the state had not carried its burden of proving that the search executed by Pitcher was pursuant to the warrant issued to him by the magistrate. The trial court improperly excluded evidence that could have led to the finding that the warrant executed by Pitcher was the warrant issued by the magistrate. We should reverse the trial court's erroneous evidentiary ruling and remand for reconsideration to permit the court to rule in the light of the excluded evidence as the court did in *Wright*.[8]

For this reason, I dissent.

---

[8] The state concedes that Pitcher violated ORS 133.615(2) when he filed a return with the trial court administrator without attaching the original warrant to the return. However, it argues that the violation of the statute did not impair defendant's constitutional rights and, therefore, the failure to return the original warrant does not justify the remedy of suppressing the seized evidence. The trial court never reached the issue of whether the statutory violation was of constitutional proportions because of its determination that the state had not proven that Pitcher's search was pursuant to the warrant issued by the magistrate. That issue would remain for the trial court to decide if, on remand, it decides after considering the excluded evidence that Pitcher conducted his search pursuant to the warrant issued by the magistrate.