**Clinton McLESTER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7011.**

United States Court of Appeals Tenth Circuit.

Aug. 1, 1962.

No appearance for appellant (Clinton McLester presented a brief pro se).

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

PER CURIAM.

On May 25, 1960, McLester was indicted in the District of Kansas for illegally receiving and concealing a narcotic drug, knowing the same to have been illegally imported, in violation of 21 U.S.C.A. § 174. McLester and a companion were abroad in the early hours of the morning during a severe snowstorm in a neighborhood where the streets were normally deserted at such an hour, and they aroused the suspicion of state officers who stopped to question them. In the process of determining if McLester and his companion were carrying weapons, one of the officers felt a round object in the pocket of McLester's topcoat. The officer asked McLester what the object was, whereupon McLester immediately withdrew it and threw it away. It was recovered by the state officers, and later found to be a package containing narcotics. McLester's motion to suppress this evidence upon the ground that it had been unlawfully obtained by the state officers was denied. He was convicted and sentenced to be imprisoned for a term of 7 years and 6 months. No appeal was taken.

In this proceeding under 28 U.S.C. § 2255, the appellant contends that the judgment and sentence is void because of the admission of evidence unlawfully obtained by state officers. He relies upon Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and urges that since the substantive standard for the admission of the evidence was changed subsequent to his conviction he is now entitled to seek relief under Section 2255. In Gaitan v. United States, 10 Cir., 295 F.2d 277, we held that a change in the law after a judgment and sentence becomes final cannot be asserted as a ground for collateral attack.

In any event, the appellant's reliance on Mapp v. Ohio, supra, is misplaced. Prior to his conviction, the Supreme Court of the United States had held, in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, that evidence obtained by state officers during a search which if conducted by federal officers would have violated the defendant's rights under the Fourth Amendment cannot be used in a prosecution in the federal courts. Errors in the admission of evidence, however, must be reviewed on appeal, and do not afford a basis for collateral attack under Section 2255. Way v. United States, 10 Cir., 276 F.2d 912; Barber v. United States, 10 Cir., 197 F.2d 815, cert. denied 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665; Hurst v. United States, 10 Cir., 177 F.2d 894. Furthermore, the record in these proceedings does not establish that the evidence which was admitted in the appellant's trial was illegally seized or obtained by the state officers. See Rios v. United States, 364 U.S. 253, 80 S.C. 1431, 4 L.Ed.2d 1688; Trujillo v. United States, 10 Cir., 294 F.2d 583.

Affirmed.