**Willie Henry JONES, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Civ. No. 65–379.

United States District Court
W. D. Oklahoma.

Nov. 24, 1965.

Richard Martin, Oklahoma City, Okl., for petitioner.

John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

DAUGHERTY, District Judge.

The above petitioner on October 20, 1965, filed a motion pursuant to Section 2255 Title 28, United States Code. The respondent was directed to file a response to the motion which was done on October 29, 1965. In this response the Government conceded that an evidentiary hearing must be conducted in view of the complaints of the petitioner. The petitioner was returned from a federal institution to the court for an evidentiary hearing on November 19, 1965. At this hearing it developed that petitioner desired a court-appointed lawyer for the hearing. The Court appointed counsel for the petitioner and continued the matter until November 22, 1965, at which time both sides announced ready and the Court conducted an evidentiary hearing.

At the start of the hearing the petitioner withdrew and abandoned three of the four grounds set out in his motion upon which he based his allegation that the sentence imposed is invalid. Thus the petitioner abandoned Paragraph 9(a) complaining that he was not informed by the arresting officers regarding his right to counsel, Paragraph 9(b) in which he complained that he was not taken before a Commissioner after his arrest without unnecessary delay, and Paragraph 9(d) in which the petitioner contended that the court record was in error.

Thus, the petitioner proceeded on the basis of Paragraph 9(c) that he was appointed a negligent and/or incompetent counsel. It appears that the petitioner in support of this contention claims that his attorney did not make adequate preparations in the case and that after the jury conviction and notwithstanding the demand of the petitioner for an appeal that his attorney neglected to institute an appeal.

From the evidentiary hearing the Court finds that the petitioner's attorney was privately retained and was not appointed by the Court as contended by petitioner. Such attorney was in the case approximately two months before the jury trial, had several conferences with the petitioner about the case and subpoenaed all witnesses suggested by the petitioner who knew anything about the case. The Court presided over the trial and observed the conduct and efforts of petitioner's counsel. The Court finds that the petitioner was capably and well represented by his privately retained attorney of record. The trial definitely was not a mockery or a farce and the Court finds that petitioner had the effective assistance of competent and able counsel in the trial of the case and that adequate and proper preparations had been accomplished by this attorney. Frand v. U. S., (10 Cir.–1962), 301 F.2d 102.

With reference to petitioner's claim that his attorney failed and neglected to effect an appeal, the Court will observe that the testimony in this connection was in direct conflict between the petitioner and his attorney. The petitioner claims that he advised his attorney that he desired an appeal and instructed him to perfect the same. The petitioner's attorney testified that following the jury conviction of the petitioner he fully explained the petitioner's right to an appeal, including his right to effect such an appeal in forma pauperis, but that the petitioner never instructed him to take an appeal. The record reflects that at the time the Court overruled the petitioner's motion for a new trial and sentenced the petitioner on February 21, 1962, the attorney for petitioner in open court verbally requested that the defendant be allowed to appeal on a pauper's affidavit, whereupon the Court advised said attorney in open court and in the presence of the petitioner to file his motion to that effect in writing with the clerk.[1] No such motion was ever filed with the clerk. Thereafter on October 16, 1962, the petitioner in a letter to the clerk requested forms in connection with the taking of an appeal as a pauper. The clerk advised petitioner that they had no such forms, and further advised that if the petitioner wished to appeal in forma pauperis he must make application in writing to the Court and the application must be accompanied by his pauper's affidavit. Apparently, nothing further was done until the petitioner wrote the Court on August 13, 1965, stating that he would like to proceed in forma pauperis to the United States Court of Appeals at Denver, Colorado. The Court answered this letter advising the petitioner his request must be denied for the reason that the statutory time within which to appeal his conviction had expired. The present 2255 motion was then filed in this Court.

The Court finds from the evidence and believes the true facts to be that the petitioner was advised fully following his conviction and sentence regarding his right to an appeal by his privately retained counsel who was a competent and able attorney. The Court further finds that petitioner did not request his attorney to appeal after being so advised of his right to appeal by his attorney and thereby waived and abandoned his known right of appeal. 19 A.L.R.2d 789. Moreover, even if petitioner instructed his attorney to appeal his conviction and his attorney neglected to do so, the failure of petitioner's attorney to perfect an appeal is not grounds for relief under Section 2255, Title 28, United States Code, under the evidence here presented. It is not incumbent upon the trial court to see to it that defendant's attorney perfects an appeal. Moore v. Aderhold (10 Cir.–1939) 108 F.2d 729; McDonald v. Hudspeth (10 Cir.–1942), 129 F.2d 196. No action was taken by the Court which deprived the petitioner of his right of appeal or limited the same. An appeal is not a necessary element of due process of law. McDonald v. Hudspeth, supra. There was no lack of due process or a violation of any of the constitutional rights of the petitioner in connection with his right to appeal. 19 A.L.R.2d, at page 795. In addition, the petitioner has not shown plain error. Fennell v. United States (10 Cir.–1965) 339 F.2d 920. Notice of appeal was not given. Rule 37(a) (1) Fed. Rules Cr. Proc., 18 U.S.C.A. The Court finds that the petitioner was fully advised following his conviction and sentence regarding his right to an appeal by his privately retained attorney who was a capable and

---

1. The record reads as follows:
THE COURT: The motion for new trial will be overruled and exception allowed.
MR. GREEN: We would like to announce in open court that we would like to make a request that this defendant be allowed to appeal on pauper's affidavit, and he is without funds.
THE COURT: Would you file your motion to that effect in writing with the Clerk? Anything further?
MR. PARR: Nothing further.
THE COURT: If not, the prisoner is remanded to the custody of the Marshal.

competent attorney, and that with full knowledge of his right to an appeal the petitioner waived and gave up his right to appeal, as disclosed by the testimony believed by the Court and supported by the facts and circumstances in the case. Accordingly, the petitioner's motion for relief under Section 2255, Title 28, United States Code, is denied and the motion is dismissed.