Willie Henry JONES, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 66–114.

United States District Court
W. D. Oklahoma.

March 30, 1966.

———————◆———————

Willie Henry Jones, pro se.

B. Andrew Potter, U. S. Atty., Oklahoma City, for respondent.

DAUGHERTY, District Judge.

The above petitioner was indicted by a grand jury and convicted by a jury on five counts involving marihuana viola-

tions. He was represented by privately retained counsel. He was sentenced to ten years imprisonment on each count to run concurrently. A motion for new trial was considered and overruled. The petitioner requested a reduction in sentence which was considered and denied.

Under Case No. 65–379 Civil, petitioner previously has proceeded in this Court under 28 U.S.C. Section 2255 claiming:

1. That he was not informed by the arresting officers regarding his right to counsel;

2. That he was not taken before a United States Commissioner after his arrest without unnecessary delay;

3. That the Court record was in error; and,

4. That he was appointed a negligent or incompetent counsel, in that his counsel did not make adequate preparations for the trial nor perfect an appeal.

The petitioner abandoned the first three complaints and proceeded on the fourth. An evidentiary hearing was had on this portion. The Court held that his counsel was not Court-appointed but was privately retained; that his counsel was not negligent or incompetent in handling the trial of petitioner's case, and that no appeal was perfected by his counsel because the petitioner voluntarily abandoned the same. The Court entered a Memorandum Opinion regarding this hearing on November 25, 1965. 247 F. Supp. 759. The matter is now on appeal to the Court of Appeals under Appellate Case No. 8610.

The petitioner now files herein his second Section 2255 Motion in which he claims that his sentence should be vacated:

1. On the ground of entrapment;

2. Because perjured testimony was knowingly used against him;

3. Because the Court asked counsel to be brief in their arguments because he had to catch a plane; and,

4. Because the Court allowed a prosecution witness to sit during the trial and then give testimony.

The Court finds from a consideration of the Section 2255 Motion filed in this case and outlined above, and the records and files in the case that no factual issue is present which requires an evidentiary hearing, and the files and records conclusively show that petitioner is entitled to no relief. Fennell v. United States, 313 F.2d 941 (Tenth Cir. 1963).

As to the claim of entrapment, this claim cannot be treated in a 2255 Motion. Entrapment is a defense which must be taken up on direct appeal, and it cannot be raised to attack a judgment collaterally by Motion to Vacate. Way v. United States, 276 F.2d 912 (Tenth Cir. 1960); Turner v. United States, 262 F.2d 643 (Eighth Cir. 1959); Matysek v. United States, 339 F.2d 389 (Ninth Cir. 1965).

As to the matter of alleged perjured testimony being knowingly used to convict the petitioner, the petitioner himself in paragraph 10(b) of his motion filed herein states that the claimed perjured testimony was stricken from the record by the Court. Therefore, his conviction could not have been based upon the use of alleged perjured testimony. Alleged errors in the admission or rejection of evidence must be reviewed on appeal, and do not afford a basis for collateral attack under Section 2255. Barber v. United States, 197 F.2d 815 (Tenth Cir. 1952), cert. denied 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665; Hurst v. United States, 177 F.2d 894 (Tenth Cir. 1949); McLester v. United States, 306 F.2d 880 (Tenth Cir. 1962).

As to the claim regarding a brief argument and catching a plane, the Court states that counsel were not limited in their arguments by reason of the Court catching a plane, but they were allotted reasonable time for argument and made no objection or complaint about the time allotted. Moreover, this type of complaint cannot be considered

under a 2255 Motion as it is well settled that the limitation of time for arguments of counsel is within the sound discretion of the Court. Capriola v. United States, 61 F.2d 5, 11 (Seventh Cir. 1932) cert. denied Walsh v. United States, 287 U.S. 671, 53 S.Ct. 315, 77 L.Ed. 579; Samuel v. United States, 232 F. 536 (Eighth Cir. 1916).

■■ As to the claim that a prosecution witness sat in the court room during the trial and also testified as a Government witness against the petitioner, such complaint in the first place is not error as a matter of law, but if error, cannot be reached by a 2255 Motion but only on appeal. It is not error for a trial court to permit an officer of the United States to remain in the court room throughout the trial and advise counsel for the Government even though the officer testifies as a witness. Johnston v. United States, 260 F.2d 345 (Tenth Cir. 1958), cert. denied, 360 U.S. 935, 80 S.Ct. 1454, 4 L.Ed.2d 1547.

It is therefore the Order of the Court that petitioner's motion filed herein to vacate the concurrent sentences heretofore imposed against him is denied in all its particulars.