Argued and submitted January 4, decision of the Court of Appeals reversed and case remanded to the Court of Appeals for further proceedings June 16, 1994

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# MARK K. COOPER,
*Respondent on Review.*

## (DC 91-2249-C; CA A72530; SC S40539)

874 P2d 822

Amy E. Alpaugh, Assistant Attorney General, Salem, argued the cause for petitioner on review. With her on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James N. Varner, Deputy Public Defender, Salem, argued the cause for respondent on review.

Before Carson, Chief Justice, Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

FADELEY, J.

## FADELEY, J.

The issue in this criminal case is whether a city police officer who investigates charges of a state crime and charges a defendant with that crime may be designated by the state in a state criminal trial based on this charge as a representative of the state under the second exception to the rule governing exclusion of witnesses that is stated in OEC 615. Stating that exception, OEC 615(2) in part provides:

"At the request of a party the court may order witnesses excluded until the time of final argument, and it may make the order of its own motion. This rule does not authorize exclusion of * * * (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney * * *."

The Court of Appeals sitting *in banc* concluded that the city police officer was not an "officer" of the state for purposes of OEC 615(2) and reversed and remanded for a new trial. *State v. Cooper*, 120 Or App 490, 852 P2d 948 (1993). We disagree, holding that the officer was, in the circumstances of this case, the functional equivalent of a state police officer, and reverse.

Defendant was charged with assault in the fourth degree and criminal mischief in the second degree. The main issue at trial was who was the aggressor in the fight leading to those charges. Each party to the fight accused the other. Each gave a different version of the event and wanted to press charges against the other. Brooks, the city police officer who responded to and investigated the altercation, took the witness' statements and charged defendant with the crimes stated above.

At trial, defendant moved under OEC 615 to exclude witnesses. The prosecutor designated Officer Brooks as the state's representative and asked that she be allowed to sit at counsel table. The court granted the prosecutor's request and denied defendant's exclusion request as to her. Brooks testified during trial, both in the state's case-in-chief and on rebuttal. Defendant was convicted.

On appeal, defendant contended that the trial court erred by refusing to exclude Brooks from the courtroom under OEC 615. The Court of Appeals plurality held that the

state could not avoid exclusion of Brooks by designating her as its representative. That court reasoned that Brooks could not be an "officer" of the state, because she was employed by the City of Ashland, not by the State of Oregon. The plurality also reasoned that, having concluded erroneously that Brooks was exempt from exclusion, the trial court failed to exercise its discretion whether to exclude Brooks, an exercise that the plurality held OEC 615 requires. Finally, the plurality reversed and remanded for a new trial on the presumption that defendant was prejudiced by failure to exclude Brooks. *Id.* at 494-96.

In a concurring opinion, three judges concluded that the trial court erred by failing to exercise its discretion in considering whether to exclude Brooks, notwithstanding the state's designation of her as its representative. 120 Or App at 496 (Edmonds, J., concurring). Those concurring judges construed OEC 615 "to mean that the trial court retains the discretion to veto the state's designated representative" if necessary to ensure a fair trial. *Id.* at 497. In a concurring and dissenting opinion, two other judges concluded that the alleged error was neither preserved nor properly assigned as error in defendant's opening brief. *Ibid.* (Rossman, J., concurring and dissenting.) Nonetheless, they would have held on the merits that a city police officer who investigated a state crime that is being prosecuted is an "officer" of the state under OEC 615(2). *Id.* at 497-505. Finally, one judge dissented solely on the ground that defendant failed to preserve the alleged error. *Id.* at 505 (De Muniz, J., dissenting).[1]

■■ We allowed the state's petition for review to determine the proper interpretation of the second exception stated in OEC 615, which is quoted, in relevant part, above.[2] The

---

[1] We disagree.

[2] The purpose of the order of exclusion under OEC 615 "is to prevent any possibility that the testimony of one witness may be influenced or tainted by what he learned from hearing the testimony of another." *State v. Burdge*, 295 Or 1, 9, 664 P2d 1076 (1983).

Professor Kirkpatrick, in discussing OEC 615 generally, also notes:

"The rule serves several purposes. When witnesses are excluded who are testifying on behalf of one side regarding the same or related matters, they will be less able to tailor their testimony to avoid inconsistencies. In addition, they will not be able to receive a preview of the questions that are likely to be asked by the opposing attorney on cross-examination. When a witness is excluded who is

state is a party in a criminal prosecution for violation of state crimes. ORS 131.025. Therefore, the state in this case is a "party" within the meaning of OEC 615(2). The meaning of that aspect of the exception — who is a party entitled to designate a representative who will be exempt from exclusion — having been determined, the question in this case is whether a city police officer who investigated and charged a state crime may be considered an "officer" of the state and, therefore, may be exempt from exclusion under OEC 615(2) as a designated representative of the state.

In interpreting a statute, the court's task is to discern the intent of the legislature. In doing so, the best evidence of the legislature's intention and the first level of analysis is to examine the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The context of the statute includes other provisions of the same statute and other related statutes. *Id.* at 611. Words of common usage typically should be given their plain, natural, and ordinary meaning. *Ibid.*

Text and context of OEC 615 are not dispositive as to the issue presented in this case, because relevant statutes do not define the term "officer." The common meaning of "officer" is "one charged with a duty: Agent." Webster's Third

testifying on behalf of the opposing side, the witness will be less able to 'ascertain the precise points of difference between their testimonies, and . . . shape his own testimony to better advantage his cause.' 6 Wigmore, *Evidence* § 1838, at 461-462 (1976)." Kirkpatrick, *Oregon Evidence* 413 (2d ed 1989).

McCormick also notes:

"The fact that Federal Rule 615, which deals with the topic, is entitled 'Exclusion of witnesses' should not be read as merely authorizing the judge physically to exclude them from the courtroom. In fact it is said that in addition to instructing the witnesses to leave the courtroom, the judge should instruct them not to discuss the case or what their testimony has been or would be or what occurs in the courtroom with other than counsel for either side.[5] This is so because the rule not only provides for the 'exclusion' of witnesses, it provides for exclusion 'so that they cannot hear the testimony of other witnesses . . ..' Moreover, the term 'hear' should not be read literally but as including other means of acquiring the information, such as reading a letter or transcript of testimony.[6]

"[5.] United States v. Buchanan, 787 F.2d 477 (10th Cir.1986).

"[6.] United States v. Ell, 718 F.2d 291 (9th Cir.1983), appeal after remand 745 F.2d 68." McCormick, *Evidence* 9, § 48.1 (3d ed 1984 Supp 1987) (footnote 4 omitted).

New Int'l Dictionary 1567 (unabridged ed 1993). That definition would appear to permit designation of a city police officer who investigated charges of a state criminal violation as an "officer" of the state. However, the issue of the legislature's intent as to the meaning of OEC 615(2) is not settled by reference to the dictionary's quite general definition.

If the word "officer" always required that the officer also be an "employee" of a non-natural party, the word "employee" would have been sufficient to indicate who may be designated as the party's representative. Yet both words are used in the rule, not just "employee." This use of two separate words cannot be explained logically in this case by the possibility that the legislature was simply using redundant synonyms. The words are not synonyms and, moreover, are joined by the word "or," a word normally used as a disjunctive connector. Thus analyzed, the potential ambiguity of the phrase may be explained by asking two questions. Does "officer" mean one who is an employee or who holds the ongoing status of an officer of the designating party? Or, does "officer" have a broader connotation, as a representative of the party designated for purposes of the specific trial? Because either interpretation is reasonable, the word is ambiguous and text and context are not decisive of the legislature's intent. Therefore, we proceed to the second level of analysis, which concerns the legislative history of the statute. *See PGE v. Bureau of Labor and Industries, supra,* 317 Or at 611-12 (explaining methodology).

Although the Oregon legislative history does not comment directly on the intended meaning of "officer," as relevant here, that history reveals that OEC 615(2) originally was adopted from its federal counterpart, FRE 615(2).[3] When

---

[3] FRE 615 provides:

"At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause."

OEC 615 differs from FRE 615 in at least three respects. First, whereas FRE 615 makes exclusion mandatory at the request of a party, under OEC 615 the trial court "may" exclude witnesses. Second, whereas FRE 615 excludes witnesses "so that they cannot hear the testimony of other witnesses," OEC 615 excludes witnesses "until the time of final argument." However, in terms of exception (2), relating to an

the Oregon legislature adopts a statute modeled after another jurisdiction, an interpretation of that statute by the highest court of that jurisdiction that was rendered in a case decided before adoption of the statute by Oregon is considered to be the interpretation of the adopted statute that the Oregon legislature intended. *State v. Stockfleth/Lassen*, 311 Or 40, 50, 804 P2d 471 (1991).

■ In this case, however, the Supreme Court of the United States had not interpreted FRE 615 before Oregon enacted OEC 615. However, the Oregon legislature (as well as the experts on evidence who appeared before it generally urging adoption of the federal rules of evidence as the Oregon Evidence Code) knew of the significant role played by Congress in adopting the federal rules. Thus, we give weight to a pre-existing interpretation by Congress of the language adopted by the Oregon legislature and look to the legislative history of FRE 615 for guidance in determining Oregon legislative intent concerning OEC 615(2). *See McKean-Coffman v. Employment Div.*, 312 Or 543, 550, 824 P2d 410 (1992) (legislative history of federal statute is persuasive in interpreting an Oregon statute based on the federal statute); *Karsun v. Kelley*, 258 Or 155, 161, 482 P2d 533 (1971) (legislative history of a federal act is of significant interest in construing a statute that adopted substantially the same terms as were set forth in the federal act).

The legislative history of FRE 615 reveals that an investigative officer from a federal agency other than the prosecutor's office is intended to be considered an "officer" of the federal government even though a witness in the case and, therefore, falls within the purview of FRE 615(2). The Senate Judiciary Committee Report, recommending adoption of FRE 615, states:

"Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness.[4] The practice is

---

"officer or employee of a party," OEC 615 and FRE 615 are identical. Finally, OEC 615(4) provides for the exclusion of "the victim in a criminal case." FRE 615 does not provide for such an exclusion.

4 The Advisory Committee's Note on FRE 615(2) observed that "[m]ost of the cases have involved allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness."

permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in — he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. Yet, it would not seem the Government could often meet the burden under rule 615 of showing that the agent's presence is essential. Furthermore, it could be dangerous to use the agent as a witness as early in the case as possible, so that he might then help counsel as a nonwitness, since the agent's testimony could be needed in rebuttal. Using another, non-witness agent from the same investigative agency would not generally meet government counsel's needs.

"This problem is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule." S Rep No 1277, 93rd Cong, 2d Sess, *reprinted in* 1974 US Code Cong & Ad News 7051, 7072-73.

Although the Senate Committee Report reveals that a federal investigative officer is intended to be included in the term "officer" for purposes of FRE 615, this case presents a different issue. In this case, the investigative officer is an employee of a city, a political subdivision of the State of Oregon. The Senate Judiciary Committee Report does not shed light directly on the question whether an employee of a political subdivision of a state party may be designated as an "officer" of the state as a non-natural party.[5] However, the

---

[5] Two federal courts have concluded that a state investigative officer who investigated charges of a federal crime being prosecuted is an "officer" of the federal government and, therefore, is exempt from exclusion at trial under FRE 615(2). *United States v. Jones*, 687 F2d 1265 (8th Cir 1982); *United States v. Butera*, 677 F2d 1376 (11th Cir 1982). Three states, which have statutory provisions based on FRE 615, have concluded that a city police officer who investigated a state crime being prosecuted is an "officer" of the state and, therefore, is exempt from exclusion at trial. *State v. Lopez*, 562 So 2d 1064 (La 1990); *State v. Carter*, 776 P2d 886 (Utah 1989); *State v. Ralls*, 725 P2d 190 (Idaho App 1986). However, those jurisdictions assume, without discussion, that a local/state investigative officer is an "officer" of

policy behind FRE 615 is to "extend[] parity of treatment to parties who are not natural persons." 3 Louisell & Mueller, *Federal Evidence* 605 (1979). *See* S Rep No 1277, 93rd Cong, 2d Sess, *reprinted in* 1974 US Code Cong & Ad News 7051, 7072-73. That policy is articulated expressly in the Advisory Committee's Note on FRE 615(2), which states:

> "As the equivalent of the right of a natural-person party to be present, a party which is not a natural person is entitled to have a representative present. Most of the cases have involved allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness. *United States v. Infanzon*, 235 F.2d 318 (2d Cir. 1956); *Portomene v. United States*, 221 F.2d 582 (5th Cir. 1955); *Powell v. United States*, 208 F.2d 618 (6th Cir. 1953); *Jones v. United States*, 252 F.Supp. 781 (W.D.Okl. 1966). * * * *See* California Evidence Code § 777 * * *." 4 Jones, *Evidence* 543, § 23:16 (6th ed 1972).

We presume that the Oregon legislature, in enacting OEC 615(2), intended to adopt along with the rule the same policy of providing parity between the parties that the committee report indicates motivated Congress in enacting FRE 615(2). Accordingly, under OEC 615(2) the state may designate a person who will be a witness in the case as its "officer" who is exempt from exclusion. That decided, the issue whether a city police officer may be so designated by the state, remains.

■ We hold that a city police officer who investigates and files a state criminal charge in state court functions, for purposes of trial on that charge, as the equivalent of a state officer. This holding is consistent with and supported by other statutes. By virtue of other statutes, city police officers, as statutory officers of the law, already are responsible for enforcing state laws. *See, e.g.*, ORS 133.005(3); 133.220; 133.235; 133.310 (municipal police officers are authorized to arrest for state offenses); ORS 142.070 (all peace officers, including city police, are charged with the duty of enforcing

the state/federal government. In support of their conclusions, those jurisdictions merely cite the Senate Judiciary Committee Report, cite a case that merely cites that report, or fail to acknowledge the question of what authority may support their conclusion.

criminal laws specified in the statute);[6] ORS 181.610(10) and 181.642 (all police officers are trained to investigate, identify, and report state criminal law violations that are motivated by prejudice).

A city officer who investigates a charge of a state crime and who charges a defendant with that crime is, in the state criminal trial based on that charge, the functional equivalent of a state police officer who, therefore, can be designated under OEC 615(2) as the state's representative.[7] If so designated, the city officer is exempt from exclusion under OEC 615(2).[8]

Based on the foregoing discussion, we hold that the state may designate a city police officer who investigated and filed the state criminal charges as its "officer" representative under the exemption recognized in OEC 615(2). The Court of Appeals erred in concluding otherwise.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.[9]

---

[6] That the city officer may act on behalf of the state is further demonstrated by the fact that the police officer could have directed the charges that she filed either to state court or to municipal court, assuming that city ordinances also were violated by the assaultive conduct charged. *See City of Klamath Falls v. Winters*, 289 Or 757, 619 P2d 217 (1980) (so holding). When the city police officer chose to file her charges in state court, she was enforcing state law and, in doing so, was functionally indistinguishable from an officer of the state.

[7] *See In Re United States*, 584 F2d 666, 667 (5th Cir 1978) ("police officers * * * in charge of the investigation" fall under exception 2).

[8] In those circumstances, OEC 615(2) grants the trial court no discretion to exercise.

[9] Defendant made a second assignment of error that the Court of Appeals did not reach because its disposition of the case was based on the first assignment.