Argued and submitted July 22, affirmed October 2, 2002, petition for review denied
February 25, 2003 (335 Or 217)

# TANDEM PROPERTIES, LLC,
*Petitioner,*

*v.*

# CONSTRUCTION CONTRACTORS BOARD
and Merle Trachsel Construction,
*Respondents.*

## 81722-001; A115888

55 P3d 541

David R. Nepom argued the cause and filed the briefs for petitioner.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent Construction Contractors Board. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent Merle Trachsel Construction.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Claimant Tandem Properties seeks judicial review of an order of the Construction Contractors Board (CCB) that dismissed its claim due to lack of jurisdiction. The statutes applicable to this case authorize the Board to resolve disputes involving licensed contractors.[1] The CCB ruled that it was without jurisdiction to hear the claim because claimant was not a licensed contractor at the time it filed its claim. Claimant's argument on review depends on whether an owner of property who arranges to have a residence built for purposes of selling that residence is required by statute to be licensed with the CCB in order to bring a claim before it. We conclude that a license is required and affirm.

■     As claimant does not challenge the agency's findings of fact in this case, those findings are binding on judicial review. *Lee v. Appraiser Certification and Licensure Board*, 160 Or App 622, 624, 981 P2d 825 (1999). Claimant is a limited liability company with two members. It has never been licensed as a contractor with the CCB. Respondent Merle Trachsel is the sole proprietor of Merle Trachsel Construction and is licensed with the CCB. Claimant and respondent executed a written contract for Trachsel to construct a new residence on claimant's land. Claimant did not supply labor, materials, or equipment for the construction. It did, however, supply the plan and design fees, a computer for use in the project, and the license, insurance, and loan costs. The contract provides that claimant intended to market and sell the residence as construction neared completion. It further specifies compensation for claimant and Trachsel that is contingent on the sale of the house. Neither of claimant's members intended to occupy the home before a sale occurred.

After events occurred that made it clear to claimant that Trachsel would not be able to complete construction by the agreed-upon deadline, claimant filed a claim against Trachsel with the CCB. The CCB issued a proposed order dismissing the claim because it determined that the pertinent

---

[1] In 2001, the legislature amended many of the statutes in ORS chapter 701. In this opinion, all references to ORS chapter 701 are to the 1999 version, which applies to this case.

statute "requires parties who arrange for the construction of a home with intent to sell it be licensed contractors" and that claimant was unlicensed. Accordingly, the CCB had no jurisdiction over the dispute. Claimant filed exceptions to the dismissal, but the CCB's Appeal Committee affirmed the order of dismissal.

Claimant assigns error to the CCB's dismissal of its claim, arguing that it does not fall within the statutory definition of the term "contractor" and, that even if it does, it is exempt from the licensing requirements of the statutes that authorize the CCB's jurisdiction. The CCB counters that claimant falls squarely under the statutory definition of "contractor" and that the exemption does not apply. The resolution of the parties' arguments turns on whether the CCB correctly interpreted the relevant provisions of the applicable statutes. Therefore, we review the CCB's decision for errors of law. *SAIF v. Allen*, 320 Or 192, 209, 881 P2d 773 (1994).

■　　The statutory scheme provides, in relevant part:

> " 'Contractor' means a person who, for compensation or *with the intent to sell, arranges* or undertakes or offers to undertake or submits a bid *to construct, * * * for another, any building * * *.* 'Contractor' includes general contractors, residential-only contractors and specialty contractors as defined in this section."

*Former* ORS 701.005(3) (1999), *renumbered as* ORS 701.005(2) (2001) (emphasis added).

> " 'Residential-only contractor' includes, but is not limited to:
>
> "(a)　A person who purchases or owns property and constructs or for compensation arranges for the construction of one or more residential structures with the intent of selling the residential structure or structures[.]"

ORS 701.005(6)(a). Claimant focuses on the term "for another" in *former* ORS 701.005(3) and argues that, because it was arranging for the construction of a residence on its own property, it did not undertake construction "for another." The CCB responds that, when the statutory sections are read in context, the word "another" means the person to whom the

person arranging for construction intends to sell. We agree with the CCB's interpretation.

In interpreting a statute, we first examine its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Under *PGE*, "words of common usage typically should be given their plain, natural, and ordinary meaning," and, if the intent of the legislature is clear from the examination of text and context, the court's inquiry ends. *Id.* at 611. A statute is ambiguous only if it is capable of more than one reasonable interpretation. *State v. Cooper*, 319 Or 162, 167, 874 P2d 822 (1994). That is not the case here.

Under the general statutory scheme in ORS chapter 701, those persons who fall under the definition of "contractor," including residential-only contractors, are required to be licensed in order to bring a claim before the CCB. ORS 701.065(1). To obtain a license, bonding and minimum levels of liability insurance are required. ORS 701.085; ORS 701.105. The definition of "contractor" in *former* ORS 701.005(3) incorporates by reference the definition of a "residential-only contractor" in ORS 701.005(6)(a). Therefore, those sections must be read together. The definition of a "residential-only contractor" includes property owners who own property and arrange for the construction of a residence on the property with the intent to sell the property on completion of construction. Because claimant qualifies as a "residential-only contractor" under the statute, the only reasonable interpretation of "another" in the context of the definition of a "residential-only contractor" is the prospective purchaser to whom the residential contractor intends to sell the constructed building. Here, the arrangement between claimant and respondent was for the construction of a residence to be sold upon completion. Neither the claimant nor its members intended to occupy the house. Rather, it was to be sold to and occupied by someone else. Thus, claimant is a "contractor" within the meaning of *former* ORS 701.005(3) because, as a "residential-only contractor," it arranged with Trachsel to construct a building on its land for sale to another.

ORS 701.010 identifies certain "contractors," who are exempt from the licensing requirements of ORS 701.065. In

its alternative argument, claimant asserts that it falls within the exemption because it is a property owner who had work done by a licensed contractor. However, the statutory scheme provides for an exception to the exemption. ORS 701.010 provides, in relevant part:

> "The following persons are exempt from licensure under this chapter:
>
> "* * * * *
>
> "(5)  An owner who contracts for work to be performed by a licensed contractor. This subsection does not apply to a person who, *in the pursuit of an independent business*, constructs, remodels, repairs or *for compensation and the intent to sell the structure, arranges to have constructed*, remodeled or repaired *a structure with the intent of offering the structure for sale before, upon or after completion.* It shall be prima facie evidence that there was an intent of offering the structure for sale if the person who constructed, remodeled or repaired the structure or arranged to have the structure constructed, remodeled or repaired does not occupy the structure after its completion."

(Emphasis added.) Under the above provisions, the exemption relied on by claimant is inapplicable if four requirements are met. The owner must (1) arrange to have a building constructed, (2) in the pursuit of an independent business, (3) for compensation, and (4) with the intent to sell the structure before, upon or after completion. It is not disputed here that claimant arranged to have a building constructed with the intent to sell it. Claimant instead argues that the other two requirements are not met. First, claimant argues that it did not "arrange for the construction of the residence on its property for compensation." Second, it argues that it was not engaged in an "independent business." For those reasons, claimant concludes that the exemption applies and that the exception to the exemption is inapplicable.

█       Claimant argues that the word "compensation" in ORS 701.010 includes only payment for work done and not profit from investment. It contends that, because it had the residence constructed on its own land, there was no third party from whom it could seek "compensation." In light of the plain meaning of the text and context of the statute, we are

not convinced by claimant's argument on this issue. The ordinary meaning of the word "compensation" is "payment for value received[.]" *Webster's Third New Int'l Dictionary* 463 (unabridged ed 1993). In light of the fact that the exception to the exemption applies only to property owners who, with intent to sell, cause improvements to be made to the property, the only reasonable interpretation of the word "compensation," as used in the context of the statute, is profit gained from such a sale. The landowner is "paid for value received" when the landowner sells to a third party and receives money in return for the land and the improvements. Similarly, a "contractor" under *former* ORS 701.005(3) includes a residential-only contractor and is, among other things, a person who "for compensation" builds or arranges to have built a structure for another. As a seller of property with a constructed residence, the landowner obtains compensation only by sale of the property. For those reasons, the term must be interpreted to include profit gained from a sale as well as payment or remuneration for work done.

■ Claimant's argument that it did not arrange for the construction in the course of an "independent business" and, thus, is not subject to the licensure requirements of the statute is equally unconvincing. Claimant asserts that, because it is not in the business of constructing buildings on the property of others, it cannot be deemed an "independent business" within the meaning of the statute. The word "business" ordinarily means "a commercial or industrial enterprise." *Webster's* at 302. In the ordinary sense of the word, claimant was involved in a commercial enterprise. It entered into a contract for the construction of a house that it intended to sell. Under the contract, Trachsel was to build a residence on claimant's land for the purpose of resale. Trachsel agreed to supply the labor, materials, and equipment for the construction, while claimant agreed to provide the property, money for fees, licenses, insurance, and loan costs. At or near the time that the residence was completed, it was to be sold and the profits were to be divided between the parties. Those facts demonstrate a commercial enterprise in the ordinary sense of the word. Claimant was not merely an owner of property who constructed a building for its own use; rather it engaged in the business of marketing its land for profit

through the construction of the residence. Because we conclude that claimant meets all four of the requirements set forth above, it is not covered by the exemption from the licensing requirement provided for property owners who contract with licensed contractors to perform work on their own land.

■ Nonetheless, claimant further argues that, if it is deemed to be a contractor not excluded from the statutory licensing requirements, such an interpretation will mean that all landowners who improve their property for purposes of sale will also be subject to licensing requirements. We are not persuaded. The "independent business" element in ORS 701.010(5) functions to include residential developers within the licensing scheme while excluding individual residential property owners who are not in the business of constructing and selling real property. Under the statutory scheme, owners of property who arrange for work to be done on residences that they occupy with the intent of later offering the structure for sale are excluded from the licensing requirements because they are not in the "business" of developing and selling real property.

For those reasons, we conclude that claimant was required to have a license with the CCB before its claim could be heard, and that, consequently, the board did not err in dismissing claimant's claim.

Affirmed.