Submitted November 7, 2013, reversed and remanded February 20, 2014

**BRAND ENERGY SERVICES, LLC,**
*Petitioner,*

*v.*

**OREGON OCCUPATIONAL SAFETY
AND HEALTH DIVISION,**
*Respondent.*

Workers' Compensation Board
0900144SH; A150953

323 P3d 356

Suzanne Kelly Michael and Michael & Alexander PLLC filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

### HADLOCK, J.

Employer seeks judicial review of a final order of the Workers' Compensation Board that approved a citation by the Oregon Occupational Safety and Health Division (OR-OSHA) for violating 29 CFR section 1926.451(g)(1)(vii)— a rule that OR-OSHA has adopted by reference[1]—which generally requires that employees on scaffolds be protected by fall-protection systems. OR-OSHA issued the citation after an employee fell 40 feet from a scaffold that he and other employees were in the process of dismantling. The only question on review is whether 29 CFR section 1926.451(g)(1)(vii) applies to employees who are dismantling a scaffold. We conclude that the rule does not apply and, accordingly, reverse the board's order.

The pertinent facts are neither extensive nor disputed. Employer contracted to construct a scaffold as part of a roof-replacement project for a business in Newberg. The scaffold platform consisted of sheets of plywood laid across and nailed to aluminum I-beams. After the roof project was completed, employer dismantled the scaffold. Employees removed the nails from the plywood, picked up the plywood sheets, and passed them to other employees to be taken away. One of the plywood sheets shifted off its supporting I-beam after the nails had been removed. An employee was standing on the sheet when it shifted; both he and the sheet fell 40 feet to the floor below. At the time of the accident, the employee was wearing a fall-protection harness but was not "tied off" to anything; that is, the harness was not fastened to anything in a way that would have stopped the employee from falling to the ground.

OR-OSHA issued a citation to employer alleging that it had violated 29 CFR section 1926.451(g)(1)(vii), which provides that, for certain types of scaffolds, "each employee shall be protected by the use of personal fall arrest systems or guardrail systems * * *."[2] OR-OSHA did not cite employer for violating a different paragraph of the rule that

---

[1] In OAR 437-003-0001(12), OR-OSHA adopted by reference 29 CFR section 1926.451 and other federal safety rules related to scaffolding.

[2] OR-OSHA initially alleged three violations based on the same accident, but it later withdrew two of the allegations.

explicitly applies to "employees erecting or dismantling supported scaffolds," that requires employers to "determine the feasibility and safety of providing fall protection" for those employees, and that requires employers to provide fall protection for those employees "where the installation and use of such protection is feasible and does not create a greater hazard." 29 CFR § 1926.451(g)(2).

Employer disputed the citation, arguing that subparagraph (g)(1)(vii) of the rule does not apply during the erecting and dismantling of scaffolds. Instead, employer argued, only subparagraph (g)(2) addresses fall protection for employees who are engaged in that work. The parties stipulated that, if subparagraph (g)(1)(vii) of the rule does not apply to employees who are erecting or dismantling scaffolds, the citation should be dismissed but, if the rule does apply in those circumstances, the citation was appropriate. After a hearing, an administrative law judge (ALJ) ruled that 29 CFR section 1926.451(g)(1)(vii) does apply, and he entered an order approving the citation. Employer seeks judicial review of that order.[3]

On review, employer renews its argument that 29 CFR section 1926.451(g)(2), not paragraph (g)(1), applies when employees are erecting or dismantling a scaffold. OR-OSHA responds that paragraph (g)(2) merely sets out the standard by which an employer must determine whether fall protection is feasible and safe during the erecting and dismantling processes, but does not itself require that any feasible fall protection be *used*. Instead, OR-OSHA contends, it is paragraph (g)(1) that requires that fall protection actually be used.

The parties' arguments raise the issue of the correct interpretation of 29 CFR section 1926.451(g)(1) and (2). 29 CFR section 1926.451 was enacted by the federal Occupational Safety and Health Administration (OSHA) in 1996 and adopted by OR-OSHA on March 12, 1997. *Safety Standards for Scaffolds Used in the Construction Industry,* 61 Fed Reg 46026 (Aug 30, 1996); OAR 437-003-0001(12)(b).

---

[3] Under OAR 438-085-0865(3), the ALJ's order is deemed to be a final order of the Workers' Compensation Board and may be the subject of judicial review without further action by the board.

In some cases involving federal safety rules that OR-OSHA has adopted by reference, we have looked to federal case law for guidance. *OR-OSHA v. Moore Excavation, Inc.*, 257 Or App 567, 575-76, 307 P3d 510 (2013). In this case, however, the parties have not alerted us to any federal cases interpreting 29 CFR section 1926.451(g), and we are not aware of any.[4] Consequently, we revert to our usual method of interpreting Oregon administrative rules.

Generally speaking, we interpret rules by applying the same analytical framework that applies to the interpretation of statutes. That is, we consider the text of the rule and its context, including other portions of the rule and related laws, and the rule's adoption history, *State v. Teixeira*, 259 Or App 184, 190, 313 P3d 351 (2013), including the history of OSHA's adoption of the federal rule, *cf. State v. Cooper*, 319 Or 162, 168, 874 P2d 822 (1994) (considering federal legislative history of a federal evidence rule that was the model for Oregon's rule, where the United States Supreme Court had not interpreted the federal rule). However, when an administrative agency has interpreted its own rule, we defer to that interpretation if it is plausible and not "inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law."[5] *Don't Waste Oregon Com. v. Energy*

---

[4] Employer cites several federal administrative decisions in support of its position that 29 CFR section 1926.451(g)(1) does not apply when employees are erecting or dismantling a scaffold. Those decisions either do not address the issue raised in this case, *e.g., Bast Hatfield, Inc.*, 18 OSH Cas (BNA) 1848 (1999), or assume without analysis that paragraph (g)(1) does not apply, *e.g., Atlantic Heydt Corporation*, 20 OSH Cas (BNA) 2147 (2004) (stating conclusorily that paragraph (g)(1) does not apply to employees erecting or dismantling a scaffold). Accordingly, our analysis does not rely on those decisions.

[5] In their briefs, the parties assume that, if OR-OSHA's interpretation of 29 CFR section 1926.451(g) is plausible, it is entitled to deference. In support of that assumption, they cite case law stating the general proposition that courts defer to an agency's plausible interpretation of its own rule. *See, e.g., DeLeon, Inc. v. DHS*, 220 Or App 542, 548, 188 P3d 354 (2008). The cited cases do not involve an Oregon agency's interpretation of a federal rule that the agency has adopted in whole, and our own research has not revealed any cases discussing deference in that circumstance. *But cf. Coats-Sellers v. ODOT*, 192 Or App 432, 439, 85 P3d 881 (2004) (in dispute over a contract that incorporated a federal rule's definition of a specific term, declining to defer to a state agency's interpretation of the federal rule's definition, which the state agency had incorporated into one of its own administrative rules). In light of our conclusion that OR-OSHA's interpretation of the rule in question here is not plausible, the deference question is, ultimately, academic. However, for analytical purposes, we assume, without deciding, that OR-OSHA's interpretation would be entitled to deference if it were plausible.

*Facility Siting,* 320 Or 132, 142, 881 P2d 119 (1994). Here, OR-OSHA has interpreted its adopted version of 29 CFR section 1926.451(g) in the course of this administrative proceeding. Accordingly, we begin by considering the agency's interpretation of that adopted rule.

The pertinent subsections of 29 CFR section 1926.451(g) provide:

"(g)  Fall protection. (1) Each employee on a scaffold more than 10 feet (3.1 m) above a lower level shall be protected from falling to that lower level. Paragraphs (g)(1)(i) through (vii) of this section establish the types of fall protection to be provided to the employees on each type of scaffold. Paragraph (g)(2) of this section addresses fall protection for scaffold erectors and dismantlers.

"\* \* \* \* \*

"(vii)  For all scaffolds not otherwise specified in paragraphs (g)(1)(i) through (g)(1)(vi) of this section, each employee shall be protected by the use of personal fall arrest systems or guardrail systems meeting the requirements of paragraph (g)(4) of this section.

"(2)  Effective September 2, 1997, the employer shall have a competent person determine the feasibility and safety of providing fall protection for employees erecting or dismantling supported scaffolds. Employers are required to provide fall protection for employees erecting or dismantling supported scaffolds where the installation and use of such protection is feasible and does not create a greater hazard."

OR-OSHA contends that the first sentence of paragraph (g)(1) ("Each employee \* \* \* shall be protected from falling \* \* \*.") imposes a blanket requirement that all employees be protected from falling, and that paragraph (g)(2) creates an exception to that requirement for scaffold erectors and dismantlers when fall protection is infeasible or creates a greater hazard. According to the agency, paragraph (g)(2) requires the employer to make the feasibility determination and to "provide" fall protection when it is feasible, but "nothing in paragraph (g)(2) requires the *use* of fall protection. That obligation is found in paragraph (g)(1)." (Emphasis in original.) Thus, in OR-OSHA's view, subparagraphs (g)(1)(i)

through (vii), setting out the types of fall protection to be provided, apply to all employees for whom protection must be provided, including scaffold erectors and dismantlers.

We disagree. OR-OSHA's interpretation of the rule overlooks its adoption history. Paragraph (g)(2) of the adopted rule did not become effective until September 2, 1997, whereas the rest of the rule took effect in Oregon six months earlier.[6] If OR-OSHA were correct that the first sentence of paragraph (g)(1) imposes a requirement that *all* employees be protected from falling, for the six months before paragraph (g)(2) took effect, there was no exception to that blanket requirement for scaffold erectors and dismantlers. In other words, if OR-OSHA's interpretation were correct, during that initial period, those employees would have been required to use fall protection systems without regard to whether doing so was feasible or created a greater hazard. The rule's adoption history demonstrates that that was not the intent behind the rule.

Before 29 CFR section 1926.451(g) was adopted, fall protection for scaffold erectors and dismantlers was not required, because it was historically perceived that such protection was not feasible. *Safety Standards for Scaffolds Used in the Construction Industry*, 61 Fed Reg at 46064. As originally proposed, the rule included an express exemption from fall protection for erectors and dismantlers.[7] *Id.* at 46067. After receiving comments on the proposed rule, however, OSHA concluded that there are "many situations where it is feasible to provide fall protection for erectors and dismantlers." *Id.* However, the agency recognized that, in some circumstances, the use of fall protection is infeasible

---

[6] As noted above, 29 CFR section 1926.451(g) generally took effect in 1996 for federal purposes and was adopted by OR-OSHA in March 1997. Because the effective date of paragraph (g)(2) is written into the federal rule, which OR-OSHA adopted in whole, that paragraph became effective for both state and federal purposes in September 1997.

[7] As originally proposed, the opening clause of what became paragraph (g)(1) provided, "Employees (except those erecting or dismantling scaffolds) on platforms more than 10 feet (3.0 m) above lower levels shall be protected from falling to those lower levels by the use of body belt/harness systems or Type I guardrail systems, except as follows[.]" *Safety Standards for Scaffolds Used in the Construction Industry*, 51 Fed Reg 42680, 42707 (proposed Nov 25, 1986). The five subparagraphs that followed equated to subparagraphs (g)(1)(i) through (v) of the final rule. *Id.*

because there are no suitable anchor points for a protection system, or the fall protection system creates a greater hazard because, for example, a falling person could pull the scaffold over. *Id.* at 46068-69.

Ultimately, OSHA determined that, given the "large variety of supported scaffolds" and the "infinite number of unique site conditions that could affect the feasibility or safety of providing fall protection," neither a blanket exemption nor an absolute requirement of fall protection was appropriate for erectors and dismantlers. *Id.* at 46069. Rather, the agency concluded that employers needed "flexibility to address fall hazards for erectors and dismantlers on a site-specific basis." *Id.* Accordingly, OSHA found that

> "the determination of what fall protection is feasible and can be used safely at a given worksite should be made by a competent person at the worksite. The competent person will need to have the ability and knowledge to decide whether fall protection can be provided for erectors and dismantlers under the specific site conditions, and, if so, what measures are appropriate."

*Id.* The agency revised the proposed rule to include paragraph (g)(2), but it deferred compliance with that paragraph for one year "to allow time for employers to develop and implement the appropriate procedures." *Id.*

Given OSHA's recognition that fall protection for scaffold erectors and dismantlers is not always feasible or safe, the upshot of the adoption history is that OSHA intended to delay implementation of the requirement that scaffold erectors and dismantlers use fall-protection systems. It is not plausible that OSHA intended to defer requiring employers to determine the feasibility and safety of providing fall protection and to provide such protection if it is feasible and safe (as required by paragraph (g)(2)) without also postponing the requirement that erectors and dismantlers use protective equipment. But that would be the result if, as OR-OSHA argues, the general provisions of (g)(1) applied to erectors and dismantlers, as that paragraph includes neither a provision delaying its effective date with respect to scaffold erectors and dismantlers nor a provision limiting

the use of protective equipment to circumstances in which it is feasible and safe. Put differently, OR-OSHA's interpretation of the rule would result in erectors and dismantlers having been required, when 29 CFR section 1926.451(g) was first adopted, to use fall protection systems without a feasibility and safety determination having first been made. That interpretation is not plausible, particularly when considered in light of the rule's adoption history. Consequently, we do not defer to it.

We therefore interpret the rule ourselves. As we already have explained, the general fall-protection requirements set out in 29 CFR section 1926.451(g)(1) do not apply to employees who are erecting or dismantling scaffolding. Rather, we conclude that paragraph (g)(2) of the rule applies to those employees. We reject OR-OSHA's contention that such an interpretation is itself implausible because it undermines worker-safety goals. That argument is based on the agency's view that paragraph (g)(2) literally requires only that employers provide scaffolding erectors and dismantlers with fall protection when it is feasible and safe to do so, but does not require that the employees actually *use* the provided fall-protection equipment. We do not share that view. The adoption history discussed above makes clear that OSHA's intent in enacting 29 CFR section 1926.451(g)(2) was to require employers to actually *protect* scaffold erectors and dismantlers from falling when it is safe and feasible to do so, not merely to provide protective equipment that the employees may use (or not) at their option. The second sentence of paragraph (g)(2) embodies that intent: "Employers are required to provide fall protection for employees erecting or dismantling supported scaffolds where the installation and use of such protection is feasible and does not create a greater hazard." Although the rule could be drafted more explicitly, we read it to require that, when installation and use of protective equipment is feasible and safe, it must be installed and used. When paragraph (g)(2) is read that way, worker safety is not undermined by our holding that paragraph (g)(1) does not apply to scaffold erectors and dismantlers. Those employees are fully protected, to the extent that is feasible and safe, by employers' compliance with the requirements of paragraph (g)(2).

For purposes of this case, the bottom line is that the OR-OSHA rule adopting 29 CFR section 1926.451(g)(1) does not apply to employees who are erecting or dismantling scaffolds. As noted above, the parties stipulated that, if paragraph (g)(1) does not apply to those employees, the citation that OR-OSHA issued to employer should be dismissed. Accordingly, we reverse the ALJ's order and remand with instructions to dismiss the citation.

Reversed and remanded.